DAVID . GORFINKLE & another vs. MARK ABRAMS.

Suffolk.    March 9, 1928.— May 26, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Landlord and Tenant, Eviction.*

A room on the second floor of a building was let under a lease in writing, the lessee having the privilege of using the room for his importing business. The building was designated by its number on a certain street. Access to the room was from the front entrance of the building on the street mentioned in the lease by a narrow hallway, a winding narrow stairway and a small elevator. At the time of the letting, access from the rear entrance of the building on another street was had to two stores on the ground floor, one of which was untenanted, and no common use of the rear entrance was made by the tenants of the building, although access might possibly be had to the room leased by devious ways from the rear entrance. With the permission of the tenant of one of the stores on the ground floor, the lessee occasionally made use of such stores to deliver goods to his room on the second floor from the rear entrance, because of difficulty in getting goods up the narrow way from the front entrance. During the term the landlord remodeled the ground floor in such a way that the lessee was thereafter unable to get in goods from the rear entrance. The lessee then left the leased premises and, in an action for rent by the landlord against a guarantor of the lessee, the defendant claimed an eviction. *Held*, that

(1) The only apparent means of access to the room as leased was by way of the front entrance to the building; no other access passed as appurtenant to the room;

(2) The lessee was not excluded from the room leased; his need for better access did not entitle him to more than he secured by the lease;

(3) No eviction was shown; and the plaintiff was entitled to recover.

CONTRACT. Writ in the Municipal Court of the City of Boston dated January 27, 1927.

On removal to the Superior Court, the action was tried before *Greenhalge*, J. Material evidence is set forth in the opinion. There was a verdict for the plaintiff in the sum of $1,531.50. The defendant alleged exceptions to that portion of the judge's charge relating to eviction and to the judge's refusal to give certain rulings.

The case was submitted on briefs.

*F. D. Harrigan*, for the defendant.

*S. B. Stein*, for the plaintiffs.

WAIT, J.   This is an action for rent against a guarantor who agreed to hold the lessors "harmless from any loss sustained by them in the failure of the Lessee . . . . in the performance of the within Lease."

The lessee left the premises during the term.   The defendant paid for one month's rent after the lessee went out; but denied liability for further arrears on the ground that the lessee was evicted.   The premises described in the lease were "room numbered one in the Allen Hall Building, 384 Boylston Street, Boston . . . . The Lessee has the privilege of using Room one for his importing business."   The lease contained an agreement that sixty days notice be given by the lessors in the event of the remodeling or demolition of the building by the lessors, rent to abate from date of notice to vacate. The building fronted on Boylston Street and ran through to Providence Street in the rear.   There were entrances on both Boylston and Providence streets used for access to the ground floor stores.   Room one was on the second floor, and was reached from the Boylston Street doorway by a narrow hallway, a winding narrow staircase, and a small elevator.   It was possible, also, to have access from Providence Street through the ground floor stores, and, it may be, by devious ways which reached the second story.   When the lessee entered under the lease, one of the ground floor stores was untenanted.   No common use by tenants of the building was made of the Providence Street entrance.   He found difficulty in getting his goods up the narrow way from Boylston Street, and, occasionally, made use of the access from Providence Street through the untenanted store and by permission of the tenant of the other ground floor store.   In the fall of 1925 the landlord remodeled the ground floor story to fit it for a single tenant, and thereafter the lessee of room one lost the opportunity to get in goods from Providence Street.

This is the eviction set up in defence.   The trial judge instructed the jury that no eviction was made out.   In this there was no error.   An eviction is an intentional exclusion of the lessee from some part of the premises leased to him. *Royce* v. *Guggenheim*, 106 Mass. 201.   *Taylor* v. *Finnigan*, 189 Mass. 568.   *Katz* v. *Duffy*, 261 Mass. 149.   *Upton* v.

*Townend,* 17 C. B. 30.    There is nothing to the contrary in *Nesson* v. *Adams,* 212 Mass. 429, or *McCall* v. *New York Life Ins. Co.* 201 Mass. 223.

It is manifest that this lessee was not excluded from anything leased to him.    We assume, as was stated in *Cummings* v. *Perry,* 169 Mass. 150, 155, that "when a person hires a room in a building, a right to use the apparent means of access and exit often passes as appurtenant to the premises hired."    Here the apparent means of access and exit was by way of Boylston Street.    The approach from Providence Street was not apparent.    It was through premises of other tenants, or regions not leased to this lessee, so far as the ground floor was concerned; and, on the second floor, by ways obviously not in common use by tenants.    The lease is silent as to means of access except from Boylston Street. No other access passed as appurtenant.    The lessee's need for better access does not entitle him to what he did not secure by his lease.

Clearly such remodeling as took place did not constitute an eviction.    Nothing was done to room one.    The work was finished in October of 1925; and the lessee occupied and paid rent until February of 1926.

We see nothing in the evidence from which an intention to exclude the lessee from any premises let to him can be presumed or implied from the conduct of the lessors, even though one of them may have said when the lessee complained of his inadequate access, that if he did not like it he could move out.    There is no evidence that they offered to terminate the lease.

The instructions requested in so far as they were sound were fully covered by the instructions actually given.

*Exceptions overruled.*