MICHAEL R. CONNOLLY *vs.* HAINES-CE BROOK INC.

Essex.    October 9, 1931. — December 3, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Landlord and Tenant,* Construction of lease, Eviction. *Evidence,* Extrinsic affecting writing.

The lessee under a lease in writing was engaged in an ice cream business and operated several trucks in connection therewith. The lease provided that a certain portion of the leased premises "heretofore designated by the parties" was reserved by the lessor to be walled off as an exit for an adjoining theatre and that "this lease is conditioned upon a permit being granted" for use of parts of the leased premises as a garage. The lessee entered in April, 1926, and paid rent until September, 1926. In January or February, 1927, an application to municipal authorities for such permit was made, and was granted. It was revoked by the fire marshal in August, 1927. The failure to secure the license was not attributable to either the lessor or the lessee. The lessor, in constructing the exit from the theatre, enclosed a larger space than had been designated. The lessee assented to the exit as actually constructed upon a promise by the lessor to give other space somewhere else. Such promise was not kept. In December, 1927, the lessee notified the lessor that he was vacating the leased premises and thereafter he made no use of them. In an action by the lessor commenced in February, 1928, to recover rent to the time of the service of the notice, it was *held,* that

(1) The questions, whether the covenants of the parties were dependent and conditional or independent and whether the securing of the permit was a condition precedent, were to be decided upon a consideration not only of the language used in the lease but of the purpose thereof and of all the facts and circumstances connected with its execution;

(2) A ruling was proper in the circumstances that the securing of the permit was not a condition precedent;

(3) No eviction of the lessee was shown by the manner in which the exit was constructed by the lessor;

(4) A finding for the plaintiff was warranted.

CONTRACT.    Writ dated February 15, 1928.

The action was heard in the Superior Court without a jury by *Greenhalge,* J.    Material evidence and findings and

rulings by the judge are stated in the opinion. He found for the plaintiff in the sum of $1,055. The defendant alleged exceptions.

*S. D. Elmore*, (*G. B. Silton* with him,) for the defendant.

*R. L. Sisk*, for the plaintiff.

SANDERSON, J. This case was tried before a judge of the Superior Court who made the following findings and rulings: "This was a suit involving a written lease, dated April 10, 1926. The lease contained a provision 'Reserving and excepting therefrom, the portion of the two story brick building heretofore designated by the parties, as an emergency exit from the Capitol Theatre to the right of way on the northeasterly side of the leased premises, the lessor constructing brick walls separating said emergency exit from the leased premises.' It also contained a provision that 'it is understood and agreed that this lease is conditioned upon a permit being granted by the proper public authorities, for use of the leased premises or parts thereof, as a garage.' Under the lease, the defendant entered upon the premises and used them for the storage of cars, salt and other articles used in its business and was to some extent in occupation of them from April, 1926, until some time in December, 1927. The declaration contained three counts, one upon the written instrument, one upon an account annexed and one for use and occupation. The defences were a general denial, and eviction by reason of the enclosure of a larger space for an emergency exit than was previously designated by the parties under the clause above quoted. After the defendant entered into possession of the premises it paid rent as required under the lease from April to and including September, 1926. In December of the same year the defendant secured other and more convenient quarters and thereafter ceased to keep its automobiles on the leased premises, but did keep salt and other things there and apparently made occasional visits to the place in connection with the articles so kept. On December 12, 1927, the defendant notified the plaintiff that it was vacating the leased premises and thereafter made no use of them. No permit was ever granted for the use of the leased premises or any part thereof as a garage. Application

was made to the municipal authorities to keep and store gasoline and to maintain a garage in the early part of 1927 (January or February) and a license was subsequently issued 'contingent on approval of fire marshal.' This license was revoked by the fire marshal on August 1, 1927. It does not appear that this failure to get a license was attributable to either the plaintiff or the defendant, although the plaintiff took an appeal from the decision revoking the license which was not prosecuted. In view of the fact that no such application was made before the execution of the lease and that the lessees entered into possession of the premises and occupied them under the lease long before the actual application, and before any final action could have been reasonably expected upon an application made contemporaneously with the execution of the lease, I find and rule that the obtaining of the permit was not and was not intended to be by the parties a condition precedent to the taking effect of the lease or the liability for rent thereunder and that the defendant is liable for rent during the period in which it was in occupation of the premises from some time in April until the notice became effective by a surrender of the premises on December 12, 1927. If the lease was in effect, I do not find any facts to support the claim of an eviction. Upon the defendant's own testimony, its president assented to the structure inclosing the emergency exit from the theatre as it was actually constructed upon a promise from John Connolly, the son and agent of the lessor, of compensating space somewhere else. This seems to me to be enough to negative an eviction, even if such an agreement was not a 'designation' within the terms of the lease, notwithstanding that the promise was not kept. I find no other acts of the plaintiff or his agents sufficient to constitute an eviction. Upon all the evidence I find for the plaintiff in the sum of $1,055 and interest from the date of the plaintiff's writ."

The lease, dated April 10, 1926, was drawn by the attorney for the defendant and was for a term of years beginning April 15, 1926. The rent reserved was $900 yearly, payable in equal monthly sums, the first payment to be made May 15,

1926. The lessor agreed to cement the floor of the two-story brick building as designated by the parties, to construct a doorway in the wall between the two-story brick building and the wooden building as designated by the lessee, to repair the walls and roofs of the brick building and keep and maintain them in repair during the term. The lessee was by the terms of the lease permitted to make alterations in and additions to the buildings and erect new buildings upon the premises to adapt the same for its business. The premises were located near the center of Lynn and immediately contiguous to the rear wall of a theatre which the plaintiff owned. The construction of the doorway and cement floor and the alterations for which the indenture provided were necessary for the use of the brick building as a garage.

The defendant was engaged in the ice cream business and its place of business was in the rear of the leased premises. It owned seven or eight ice cream trucks and had a lease of a garage upon another street which was to expire July 1, 1926. The record states that $75 per month from April 15, 1926, to October 15, 1926, was paid by the defendant to the Essex Realty Trust upon bills rendered by it; credit therefor was given by the plaintiff in the declaration. No bills were rendered to the defendant after the latter date. The evidence tended to prove that the plaintiff, his wife and son were trustees of the Essex Realty Trust. Section 29 (a) of the rules and regulations of the department of public safety prohibits the location of a garage nearer than fifty feet to a theatre without a special permit from the State fire marshal. On November 21, 1927, the plaintiff made demand upon the defendant for the payment of rent. On December 12 and 13, 1927, the defendant gave written notice to both the plaintiff and the Essex Realty Trust that the defendant would quit and deliver up the premises at the end of the next rental period beginning after the notice. The evidence tended to prove that the plaintiff constructed a new door for entrance to the leased building at the place where the defendant wanted it, and had it completed when the defendant took possession, and that the defendant was informed that the floor of the

second story belonged to a third party and that it was in fact removed before the lease was executed.

Upon the findings the defendant was not deprived of the beneficial enjoyment of any portion of the estate by the wrongful act of the lessor, and it cannot be relieved of its obligation to pay by asserting a claim of eviction. See *Gorfinkle* v. *Abrams*, 263 Mass. 569, 571; *Longwood Towers Corp.* v. *Doyle*, 267 Mass. 368, 372. The defendant has not sought to recoup for any breach of covenant on the part of the plaintiff. As a general rule the question whether covenants are conditional is determined not by technical and artificial rules but by the true intention of the parties as expressed by the language of the contract. *Howland* v. *Leach*, 11 Pick. 151, 154. "Whether covenants in an agreement between parties are dependent and conditional, or are independent and absolute, depends somewhat upon the terms, but much more in the nature of the things to be done, and their relations to each other." *Weed* v. *Crocker*, 13 Gray, 219, 226. *Lowell South Congregational Meetinghouse* v. *Hilton*, 11 Gray, 407, 408. Upon the testimony of the defendant's president and treasurer the purpose of the defendant was not only to store trucks in the building but also to make other uses of it such as the storage of salt and containers. The terms of the lease would have been satisfied if a permit had been obtained for the use of parts of the leased premises as a garage.

The judge in deciding whether the provision as to obtaining a permit created a condition precedent was justified in taking into consideration not only the language used but the purpose of the lease and all the facts and circumstances connected with its execution. No error appears in his ruling that the provision did not create a condition precedent. The case is distinguishable in its facts from *Papanastos* v. *Heller*, 227 Mass. 74, 76. The defendant did not give up possession of the premises when the permit was refused, and until notice was given the plaintiff had a right to assume that the defendant intended to waive the condition and continue in possession of the premises under the lease. *Schwoerer* v. *Boylston Market Association*, 99

Mass. 285, 298–299.   No claim is made for rent after the service of notice.   We discover no error in the rulings given at the request of the plaintiff to the effect that he was entitled to recover on the first count, and that there was no eviction from any part of the leased premises.

Upon the evidence and facts found no error appears in the manner in which the trial judge dealt with the defendant's requested rulings.

*Exceptions overruled.*