ALEXANDER McMILLAN *vs.* GEORGE WICKSTROM.

Suffolk.    December 6, 1922. — March 1, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant,* Liability for rent. *Damages,* Recoupment. *Contract,* Performance and breach.

A tenant, who entered into occupation of an apartment upon a representation by the landlord that it was "in good condition, fit to live in," when it was apparent that the rooms were without electricity or gas and that it was necessary for a time to light them with candles, that the doors were without knobs and locks

and that the cellar under the apartment was a dirt cellar, after he has occupied the premises for five months and paid rent for three months, may be found not to have. been misled by the misrepresentation on the part of the landlord, even if it is found to exist, and a finding for the landlord in an action for rent due for two months would be warranted notwithstanding such a misrepresentation.

A breach by the landlord of an agreement, made by him after the tenant was in possession of the premises in the circumstances above described, to "fix up" the premises so that the rooms would be in good condition and fit to live in, gave the tenant no right to recoupment in the action for rent.

A neglect or failure on the part of the landlord, in the circumstances above described, to perform a promise to "fix up" the premises would not amount to a constructive eviction of the tenant and constitute a defence to the action for rent.

CONTRACT, with a declaration as amended upon an account annexed for $110, alleged to be due as rent of an apartment for the months of May and June, 1921, at $55 per month. Writ in the Municipal Court of the City of Boston dated June 30, 1921.

In his answer, as amended, the defendant, besides setting up a general denial and an allegation of payment, alleged an eviction, and that he had occupied the premises " as a result and in consequence of the false and fraudulent representations made to him by the plaintiff, the plaintiff well knowing that said representations were untrue and the plaintiff intending that the defendant should act thereon; that the defendant was ignorant of the truthfulness of said representations and in sole reliance upon the same occupied said premises and has been greatly damaged and now the defendant owes the plaintiff nothing." The defendant also alleged "that the plaintiff agreed to make certain repairs upon the premises referred to in the plaintiff's declaration and to put the said premises into a particular condition and style; that the plaintiff has not made the repairs and put the premises into the condition and style as aforesaid. Wherefore the defendant now wishes to recoup in damages on account of the plaintiff's failure to perform the said agreement which caused the defendant to move to more suitable quarters."

Material evidence at the trial in the Municipal Court is described in the opinion. The defendant asked for the following rulings:

"1. On all the evidence the plaintiff is not entitled to recover.

"2. If the landlord has falsely represented to the tenant that the premises are untenantable [*sic*], and after learning that they

are not, the tenant has vacated them, the landlord cannot recover rent.

"3. If the landlord falsely represents that the house is in good condition, the tenant is entitled to abandon the premises and refuse to pay the rent.

"4. Where it is the duty of the landlord to make repairs, a tenant is not entitled to abandon the premises so as to relieve himself from liability for rent without first putting the lessor in default by affording him an opportunity to remedy the defect.

"5. If the landlord fails to repair after notice, the tenant may abandon the premises, and is not liable for rent thereafter.

"6. If the tenant enters the premises before the time stipulated for the repairs to be made, there is no waiver on his part, and rent is not recoverable, if he elects to abandon the contract."

"9. There is not sufficient evidence to show that the plaintiff did all he was required to do under the terms of the tenancy, wherefore the plaintiff is not entitled to recover.

"10. It was the custom for the plaintiff to go to the premises occupied by the defendant to collect the rent, and as the plaintiff did not go to the said premises and attempt to collect the rent, it was not the duty of the defendant to seek out the plaintiff and pay the rent, wherefore the plaintiff is not entitled to recover.

"11. The burden of proof is upon the plaintiff to show that he went to the premises occupied by the defendant to collect the rent from the defendant, and that the defendant refused to pay same, otherwise the plaintiff is not entitled to recover.

"12. If the defendant gave the plaintiff an opportunity to repair the premises and the plaintiff did not do so, then the finding should be for the defendant.

"13. If the reason that the defendant remained on the premises was due to promises made by the plaintiff that he would repair the premises, and the plaintiff finally stated that he would not make such repairs, then defendant was entitled to abandon the premises and the plaintiff is not entitled to recover.

"14. If the defendant remained on the premises in reliance of the continual promises made by the plaintiff that he would 'fix up' the premises for the defendant, then no tenancy in fact ever existed, and the defendant was not required to give notice of his intention to vacate the premises, and the plaintiff is not entitled to recover.

"15. The plaintiff is not entitled to recover on all the evidence and the pleadings presented in this case.

"16. The burden of proof is on the plaintiff to show by a fair preponderance of the evidence that the rent for the month of April was not paid by the defendant to the plaintiff.

"17. The receipt of rent for the month of April raises a *prima facie* presumption that the rent for the previous months had been paid by the defendant.

"18. The burden is on the plaintiff to overcome the *prima facie* presumption concerning the payment of the rent for the month of April."

The above rulings were refused. The judge found for the plaintiff in the sum of $104, and at the request of the defendant reported the action to the Appellate Division, who ordered the report dismissed. The defendant appealed.

The case was submitted on briefs.

*E. M. Dangel & D. Lasker*, for the defendant.

*J. M. Graham*, for the plaintiff.

PIERCE, J. This is an appeal from an order "Report dismissed" of the Appellate Division of the Municipal Court of the City of Boston. The action was one of contract, brought to recover rent for the months of May and June, 1921. The special justice of the Municipal Court found for the plaintiff and reported all the material evidence to the Appellate Division of that court.

The plaintiff and the defendant were the only witnesses and their testimony was conflicting. The defendant's testimony warranted a finding that he asked the plaintiff if he had a suite of rooms for rent; that the plaintiff said that he had, that the rooms "were in good condition, fit to live in and that the rental would be $55 per month after the month of February;" that the defendant thereby was induced to move into the rooms in February; that the rooms when moved into were without electricity or gas; that it was necessary for a time to light them with candles; that the doors were without knobs and locks and the cellar under the apartment was a dirt cellar; "that after the defendant moved into the apartment he asked the plaintiff whether or not repairs would be made;" that the plaintiff promised to "fix up" the premises for the defendant so that the rooms would be in good condition and fit to live in; that the defendant paid the rent to the plaintiff for

the months of February, March and April; that he did not pay the rent for the month of May because the plaintiff did not come to collect it as he customarily did, and did not pay it for June because the plaintiff did not come for it and because the plaintiff never had made the necessary repairs as he had continually promised to do. The plaintiff admitted that there was no electricity or gas for a period of time, that the defendant used candles, that the cellar was a dirt cellar, but denied that he represented that the suite of rooms were in a good condition, that he had had any conversation with the defendant in reference to repairing the premises, and that he ever promised to repair the premises for the defendant.

Upon the testimony of the defendant the ruling for the plaintiff was right. If we assume the plaintiff misrepresented the condition of the rooms, and the condition of them was such as the defendant describes, it further appears that the defendant knew that the statement was not true, was visibly not true, when in February he entered upon the premises and during all the time he occupied them as a tenant at will, — through the months of February, March, April, May and June, 1921. In such a case it is manifest the trier of fact could properly find that the representee was not misled by the plaintiff's intended perversion of facts, of the exact truth of which the defendant had complete information. *Bartnett v. Handy*, 243 Mass. 446.

If we further assume, contrary to the testimony of the plaintiff, that the plaintiff continually promised to fix up the rooms so they would be fit to live in, and promising, never performed, the failure of the plaintiff did not absolve the defendant from his obligation to pay the rent agreed; the right, if any, of the defendant to damages for non-performance of the promise to repair would be worked out through an independent or cross action and not by way of recoupment to the obligation of the defendant to pay rent for the use and occupation of the premises while occupied by him. *Couch v. Ingersoll*, 2 Pick. 292. *Weed v. Crocker*, 13 Gray, 219, 227. *Spear v. Hardon*, 215 Mass. 89.

It is plain the neglect or failure of the landlord to perform his promise to repair the rooms did not constitute a constructive eviction of the defendant, which operated to suspend the payment of rent until repairs were made; nor relieve the defendant of the

burden of paying rent while he occupied the premises. *Taylor* v. *Finnigan,* 189 Mass. 568, 573. It is admitted the defendant did not pay the rent for the period stated in the declaration. Upon his testimony no reason appears why the judgment should not have been for the full sum claimed; he consequently is not legally prejudiced by the finding for a lesser sum.

What has been said makes it plain that the defendant was not harmed by the refusal to give the requests for rulings which were not given. It follows that the order of the Appellate Division "Report dismissed" is affirmed.

*So ordered.*