A. W. BANISTER CO. *vs.* P. J. W. MOODIE LUMBER
CORPORATION.

P. J. W. MOODIE LUMBER CORPORATION *vs.*
A. W. BANISTER CO.

Middlesex.   April 3, 1934. — May 25, 1934.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Landlord and Tenant,* Eviction, Covenant to furnish steam.  *Damages,*
In contract.

In the absence of any provision to the contrary in a lease, a taking by a
municipality by eminent domain of a portion of the leased premises
did not constitute an eviction of the lessee, did not terminate the
lease and did not affect the liability of the lessee to pay rent under the
lease, especially where the taking did not materially affect the lessee's
use of the premises and he continued to occupy them after the taking:
the lessee had an adequate remedy under G. L. (Ter. Ed.) c. 79, § 24,
for any damage suffered by him from the taking.

Where premises were leased to one whose business was the buying, dry-
ing and selling of lumber, in which it was necessary to use steam for
drying, and the lessor accordingly covenanted in the lease to furnish
steam for that purpose, a failure by the lessor to do so, which did not
make the leased premises untenantable for use in the lessee's business,
but merely compelled the lessee to have his lumber dried elsewhere
and to incur inconvenience and expense therefor, did not constitute
an eviction of the lessee, especially where the lessee continued to
occupy the leased premises notwithstanding the lessor's breach of
covenant.

In an action by the lessor against the lumber dealer for rent under the
lease above described, the general rule, that no breach of covenant by
a lessor falling short of an eviction excuses the lessee from paying
rent, was applicable, and the lessor was entitled to recover notwith-
standing breach of his covenant to furnish steam: the lessee had an
adequate remedy for such breach by way of an action for damages
against the lessor.

In an action by the lumber dealer above mentioned against the lessor
for breach of the covenant by the defendant to furnish steam, it did
not appear that the plaintiff, in having his lumber dried elsewhere,
acted unreasonably or that any other course was open to him.  *Held,*
that

(1) Expense to the plaintiff in having his lumber dried elsewhere
was a consequence of the defendant's breach of covenant which, it
reasonably could be presumed, was within the contemplation of the
parties;

(2) The actual expense so incurred by the plaintiff as a result of the breach of the defendant's covenant, with interest from the date of the writ and costs, was the proper measure of the plaintiff's damages in the circumstances, and not the difference between the value of the leasehold with such covenant performed and its value with the covenant broken.

CROSS ACTIONS OF CONTRACT. Writs dated, respectively, August 5, 1929, and August 12, 1929.

In the Superior Court, the actions were referred to an auditor for hearing together. Material findings by the auditor are stated in the opinion. The actions thereafter were heard by *Pinanski*, J., without a jury, upon the auditor's reports as the only evidence. In the first action, the judge "gave judgment" for the plaintiff in the sum of $1,763.99. In the second action the judge found for the plaintiff, and "ordered judgment" in its favor for nominal damages. P. J. W. Moodie Lumber Corporation alleged exceptions.

The case was submitted on briefs.

*F. L. Simpson*, for P. J. W. Moodie Lumber Corporation.

*W. P. Murray & E. M. Murray*, for A. W. Banister Co.

LUMMUS, J. The Moodie corporation was tenant of the Banister company under a written lease for five years ending January 1, 1929, originally given to P. J. Wm. Moodie and by him assigned on February 9, 1924, to the Moodie corporation. It is not argued that the benefit as well as the burden of the covenants in the lease did not pass to the assignee. *McNeil* v. *Ames*, 120 Mass. 481, 485. *Kacavas* v. *Toothacker*, 278 Mass. 302. On August 1, 1928, the city took a strip of land fourteen feet wide along the front of the leased premises. This did not materially affect their use, and the Moodie corporation continued to occupy them, but without paying rent, from August 1, 1928, until June 1, 1929. The business of the tenant was the buying, drying and selling of lumber. It is necessary to use steam in the drying of lumber. The lease required the Banister company to furnish steam for that purpose on written request, the tenant paying the actual cost of production.

Cross actions were brought, the Banister company seek-

ing rent and the Moodie corporation damages for breach of the covenant to furnish steam. Both were referred to an auditor. Neither party claimed trial by jury or the right to introduce evidence other than the auditor's reports, as provided by Rule 88 of the Superior Court (1932). *Ballou* v. *Fitzpatrick*, 283 Mass. 336. *Bianco* v. *Ashley*, 284 Mass. 20. The cases were heard, therefore, with the auditor's reports as the only evidence.

The taking by eminent domain of a part of the leased premises was not an eviction, did not terminate the lease, and did not affect the liability of the Moodie corporation for rent. *Parks* v. *Boston*, 15 Pick. 198, 205. *Patterson* v. *Boston*, 20 Pick. 159, 165. *Devine* v. *Lord*, 175 Mass. 384, 390. No provision of the lease changed this rule. *Goodyear Shoe Machinery Co.* v. *Boston Terminal Co.* 176 Mass. 115. *Harvard Trust Co.* v. *Cambridge*, 270 Mass. 403, 407. For any damages suffered by the Moodie corporation because of the taking, the statute gave adequate remedy. G. L. (Ter. Ed.) c. 79, § 24. *Edmands* v. *Boston*, 108 Mass. 535, 547. *Mills* v. *Samuels*, 230 Mass. 1.

Neither was the failure to furnish steam as agreed an eviction. It did not make the premises untenantable for the purposes for which they were used. It simply made the use less convenient and more expensive, for the lumber had to be dried elsewhere. Damages for breach of covenant, so far as appears, afforded an adequate remedy. The case is distinguishable from *Shindler* v. *Milden*, 282 Mass. 32, and cases therein cited. Moreover, the Moodie corporation continued to occupy notwithstanding the breach of covenant, and cannot contend that it was constructively evicted while it continued to enjoy the benefit of the lease. *International Trust Co.* v. *Schumann*, 158 Mass. 287, 291. *Taylor* v. *Finnigan*, 189 Mass. 568, 573, 574. *Rome* v. *Johnson*, 274 Mass. 444, 451. Williston, Contracts, § 892. There was not an actual eviction from a part of the premises, as to which the rule is different. *Smith* v. *McEnany*, 170 Mass. 26. *Moore* v. *Mansfield*, 182 Mass. 302, 303. *Fillebrown* v. *Hoar*, 124 Mass. 580, 583. The law of landlord and tenant was crystallized before the rules as to mutually dependent

promises in contracts in general were developed, and it remains the general if not the invariable rule that no breach of covenant by a landlord falling short of an eviction excuses the tenant from paying rent. Williston, Contracts, §§ 890, 891. *Taylor* v. *Finnigan*, 189 Mass. 568, 575. *McMillan* v. *Wickstrom*, 244 Mass. 159, 163, 164. The judge was right in ordering judgment in favor of the Banister company in the amount of $1,408.75 with interest, in its action to recover rent.

In its action for breach of the covenant to furnish steam, the Moodie corporation excepted to the order of judgment in its favor for one dollar only. The ground of this order apparently was, that the proper measure of damages was the difference between the value of the leasehold with that covenant performed and the value with that covenant broken; and that the findings of the auditor afforded no basis for ascertaining the damages on that theory, since they related only to the extra cost of drying lumber elsewhere without the use of the promised steam. If this was the view taken by the judge, and if it had been correct, the case might well have been recommitted to the auditor for a finding of the additional facts needed for the assessment of damages on the theory deemed correct by the judge. Even if his view had been correct, the judge was not bound to end the case by an award of nominal damages where it was evident that substantial damages had been suffered.

But we think the rule of damages contended for by the defendant Banister company and apparently adopted by the judge was not applicable to this case. This is not a case where the tenant could do nothing or in fact did nothing to repair the damage caused by the breach of covenant. In such a case the difference between the value of the leasehold with the covenant unbroken and its value with the covenant broken has often been held the measure of damages. *Grennan* v. *Murray-Miller Co.* 244 Mass. 336, 339. *Daniels* v. *Cohen*, 249 Mass. 362. *Parker* v. *Levin*, 285 Mass. 125. *Thomson-Houston Electric Co.* v. *Durant Land Improvement Co.* 144 N. Y. 34. *Witherbee* v. *Meyer*, 155 N. Y. 446. 28 Am. L. R. 1494 *et seq.* Here the tenant itself

obtained the necessary drying facilities elsewhere. It is not suggested that the tenant acted unreasonably, or that any other course was open. In *Grennan* v. *Murray-Miller Co., supra*, where the covenant was to repair, this court said, "The lessee was under no duty to supply the changes the lessor had omitted. It could however have done so and recovered the actual expense." Authorities elsewhere support this right of a tenant. *Myers* v. *Burns*, 35 N. Y. 269. *Cook* v. *Soule*, 56 N. Y. 420. *Hexter* v. *Knox*, 63 N. Y. 561. 28 Am. L. R. 1501 *et seq.* Williston, Contracts, § 1404. A tenant has been held entitled to recover the cost of furnishing heat withheld by a landlord in violation of his covenant. *Jacob New Realty Co.* v. *Noxall Shirt Co.* 104 Misc. (N. Y.) 82. *Ferguson* v. *Zenker*, 172 N. Y. Supp. 127. *Volga Realty Corp.* v. *Chauncey Holt Co. Inc.* 104 Misc. (N. Y.) 581. See also *Kostopolos* v. *Pezzetti*, 207 Mass. 277, 280; *Stevens* v. *William S. Howe Co.* 275 Mass. 398, 402, 403. In the present case, additional expense in drying lumber elsewhere was a consequence of the breach of covenant which may reasonably be supposed to have been within the contemplation of the parties. *Leavitt* v. *Fiberloid Co.* 196 Mass. 440, 445, 446. *Glazer* v. *Schwartz*, 276 Mass. 54, 59. *Royal Paper Box Co. Inc.* v. *Munro & Church Co.* 284 Mass. 446, 453. We think that the award of damages made by the auditor for this additional expense, $3,370.75 plus interest from the date of the writ, should have been adopted by the judge, and that his award of merely nominal damages was error. Certain objections made by the Banister company to any recovery by the Moodie corporation, not made the subjects of exception, have nevertheless been considered for their bearing on the question whether we should do more than sustain the exceptions of the latter and grant a new trial. We find these objections unsupported by the record. Consequently they ought not to impede the final disposition of the case.

Since the questions in these cases were largely questions of law upon the facts found by the auditor, and such other facts as the judge might find by inference from the reports, there was little scope for requests for rulings in order to

separate law from fact. Nevertheless the parties filed a number of requests. They are disposed of by what has already been said, and do not require special mention.

The result is, that in the action brought by the Banister company for rent, the exceptions of the Moodie corporation are overruled. In the action brought by the Moodie corporation for breach of covenant, its exceptions are sustained, and, under G. L. (Ter. Ed.) c. 231, § 124, judgment is to be entered in its favor for $3,370.75, plus interest from the date of the writ, and costs. *Silverstein* v. *Saster*, 285 Mass. 453, 458–459, and cases cited.

*So ordered.*