WILLIAM C. BARRY *vs.* ANTONIO FRANKINI.

Middlesex.    May 10, 1933. — June 27, 1934.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Landlord and Tenant*, Cancellation of lease, Construction of lease, Covenant to pay taxes. *Equity Jurisdiction*, Cancellation, Retention for assessment of damages.

Ordinarily equity will not set aside a contract at the suit of a party thereto on the sole ground of nonperformance by the other party of one of his agreements therein contained, in the absence of an agreement for termination upon breach by such nonperformance, where the breach is not of such a material and substantial nature as to excuse the party suing from proceeding with the contract; in such circumstances, the party suing will be left to his remedy by way of damages.

A lease of land subject to a mortgage contained a covenant by the lessor for quiet enjoyment by the lessee and also a covenant that "the said Lessor will pay all real estate taxes and betterment assessments that may affect the land and building herein demised." There was no provision for termination of the lease for nonperformance of such cove-

nant. The lessor and a successor in title failed to pay taxes which became due in 1931 and 1932. The mortgagee paid the 1931 taxes. The lessee in a suit in equity against the lessor sought to have the lease cancelled by reason of breach of the covenant to pay taxes. Within a week after the bill was filed, the mortgagee paid the 1932 taxes. A judge who heard the suit found that no demand had been made for the 1932 taxes, nor any action taken by the mortgagee by way of foreclosing his mortgage; that neither the plaintiff nor a subtenant in any way had been interfered with in their possession, use or enjoyment of the premises by the municipality or by the mortgagee or by the lessor or by his successor in title or by anyone acting for them, and that the plaintiff had suffered no damage from the defendant's failure to pay the taxes. The bill was dismissed. The plaintiff appealed. *Held*, that, the lease not containing an express provision that it might be terminated upon breach by the lessor of the covenant to pay taxes, and there being no ground for an implication of such an agreement, and the breach in the circumstances not being of such a substantial nature as to excuse the plaintiff from proceeding with the contract, the suit could not be maintained.

In the suit above described, it further was *held*, that the covenants in the lease were not dependent so that nonperformance of the lessor's covenant to pay taxes excused performance of the lessee's covenants.

There was no reason for retention of the suit in equity above described for the assessment of damages for the breach of covenant by the defendant, because the plaintiff would have been entitled to nominal damages at most.

BILL IN EQUITY, filed in the Superior Court on February 21, 1933.

The suit was heard by *Broadhurst*, J., the evidence being reported. Material facts found by him are stated in the opinion. By his order a final decree was entered dismissing the bill. The plaintiff appealed.

*P. J. Sondheim*, (*H. J. Booras* with him,) for the plaintiff.
*W. P. Martin*, for the defendant.

FIELD, J. This is a bill in equity, filed February 21, 1933, by the lessee under a written lease against the lessor praying that the defendant be ordered to surrender and cancel said lease, that it be decreed to be null and void, and that the defendant be enjoined "from bringing any suit, action, or instituting any legal or equity proceedings whatsoever against the plaintiff or his personal representatives arising from or growing out of said lease." The judge, after a hearing on evidence, filed "findings of fact, rulings, and order for decree," in which he ordered the entry of a de-

cree dismissing the bill with costs; a decree was entered as ordered, and the plaintiff appealed. The evidence is reported.

The decree was right.

The plaintiff does not contend that the findings of fact made by the trial judge were not in accordance with the evidence. He found as follows: "On June 14, 1930, the plaintiff and defendant entered into an indenture of lease of the tenor set forth in a copy thereof annexed to the plaintiff's bill. . . . [The lease contained a covenant by the lessor for quiet enjoyment by the lessee and also a covenant that "the said Lessor will pay all real estate taxes and betterment assessments that may affect the land and building herein demised."] Real estate taxes became due on the fifteenth of October in the years 1931 and 1932. The defendant was unable to pay, and did not pay the taxes assessed upon the leased premises for the year 1931, but they were paid in full with interest and charges by the mortgagee Medford Savings Bank . . . . On or about October 7, 1931, the defendant conveyed the leased premises by deed to his wife Amelia M. Frankini. The premises were assessed to her in 1932. Neither she nor the defendant paid the 1932 taxes, but the same were paid in full with interest and accrued charges and expenses by the mortgagee Medford Savings Bank, some time between February 23 and February 28, 1933." On or about January 13, 1933, the plaintiff caused to be sent to the defendant a notice that the lease "is hereby terminated forthwith" "for breach of covenant therein recited," and that he would "no longer be holden to you as lessee or otherwise under said lease." "The covenant referred to in the notice as broken by the defendant is the lessor's covenant in the lease to pay taxes. . . . There was no evidence of any breach of condition of the mortgage held by either of the mortgagee banks, except the failure to pay taxes. Neither mortgagee has taken possession of the premises, or made any entry to foreclose its mortgages, or taken any action looking to foreclosure by sale. The premises are not now subject to be sold for nonpayment of taxes. Although the 1932 taxes

had not been paid when the plaintiff's bill was filed, no demand had then been made, or has since been made by the collector for payment thereof. G. L. (Ter. Ed.) c. 60, § 16. Neither the plaintiff nor his subtenant has been disturbed or been in any way interfered with in his or its possession, use or enjoyment of the premises by the city of Medford, or by either of the mortgagees, or by the defendant or by his wife, or by anyone acting for any of them. The plaintiff has suffered no damage from the defendant's failure to pay the taxes."

The plaintiff is not entitled, on the facts found, to equitable relief. He seeks cancellation of the lease solely on the ground of nonperformance by the lessor — or by his wife to whom he conveyed the property — of the lessor's covenant to pay taxes for the years 1931 and 1932 assessed on the demised premises.

As between lessor and lessee, even apart from the covenant, the ultimate liability for the real estate taxes on the demised premises was on the lessor, though such taxes might have been assessed to the tenant in possession, who could "retain out of his rent the taxes paid by him, or . . . recover the same in an action against his landlord." G. L. (Ter. Ed.) c. 59, §§ 11, 15. *Boston Molasses Co.* v. *Commonwealth*, 193 Mass. 387, 391. But in the present case the taxes were not assessed to the lessee, and though the premises were subject to a lien for taxes there was no personal liability therefor upon the lessee. We assume in favor of the plaintiff, without deciding, that the covenant· in question, like covenants for payment of taxes by lessees, is not a promise "of indemnity against the tax, but a promise to pay it" (*Richardson* v. *Gordon*, 188 Mass. 279, 281), and· that on the facts shown this covenant has been broken.

However, breach of the lessor's covenant, without more, does not warrant cancellation of the lease. Ordinarily equity will not set aside a contract at the suit of a party thereto on the sole ground of nonperformance by the other party of one of his agreements therein contained, in the absence of an agreement for termination upon breach by such nonperformance, where the breach is not of such a material and

substantial nature as to excuse the party suing from proceeding with the contract, but will leave the party suing to his remedy by way of damages. See *Wellington* v. *Rugg*, 243 Mass. 30, 34; *Marble Co.* v. *Ripley*, 10 Wall. 339, 355; *Dold Packing Co.* v. *Doermann*, 293 Fed. Rep. 315, 326–327; *Callanan* v. *Keeseville, Ausable Chasm & Lake Champlain Railroad*, 199 N. Y. 268, 284; Williston on Contracts, § 1467. See also cases collected in 9 C. J. 1181–1184. The grant of the leasehold was the major part of the transaction to be performed on the side of the lessor and his covenant to pay taxes was merely collateral thereto.

There is no express provision in the indenture that the lease may be terminated upon breach of the lessor's covenant to pay taxes comparable to the not unusual provision for termination of a lease upon breach of a lessee's covenant to pay taxes. Compare *Gordon* v. *Richardson*, 185 Mass. 492; *Mead* v. *Morse*, 194 Mass. 201, 207. Whether, if the indenture had contained such an express provision, in the circumstances shown equity would enforce, or even permit, a forfeiture of the lessor's rights under the lease need not be considered. Compare *Mactier* v. *Osborn*, 146 Mass. 399; *Lundin* v. *Schoeffel*, 167 Mass. 465, 467–468; *Gordon* v. *Richardson*, 185 Mass. 492.

Furthermore, an agreement for termination of the lease upon breach of the lessor's covenant to pay taxes cannot be implied. There is nothing in the indenture or in the nature of the thing to be done to indicate that the parties regarded performance of this covenant as so vital to the lease that default therein would warrant the lessee in terminating the lease and surrendering the premises where no interference with the lessee's full enjoyment of the whole of the demised premises resulted from the default. Compare *University Club of Chicago* v. *Deakin*, 265 Ill. 257. Moreover, the covenants in the lease are not dependent so that nonperformance of the lessor's covenant to pay taxes excuses performance of the lessee's covenants. Ordinarily the question whether promises in written agreements are dependent is to be determined from the intention of the parties as expressed by the terms of the instrument applied to the things to be

done thereunder. *Connolly* v. *Haines-Ce Brook Inc.* 277 Mass. 423, 427. Covenants in leases, however, for reasons which need not be elaborated here, are generally independent, in the absence of clear indications to the contrary, and the lessee is relieved from performance of his covenants only by actual or constructive eviction. *A. W. Banister Co.* v. *P. J. W. Moodie Lumber Corp.* 286 Mass. 424, 427. Am. Law Inst. Restatement: Contracts, § 290. Williston on Contracts, §§ 890, 891. There is no indication in this indenture that the parties intended the covenants therein to be dependent so as to render this lease exceptional. In this respect *Weed* v. *Crocker*, 13 Gray, 219, relied on by the plaintiff, is distinguishable. See also *Papanastos* v. *Heller*, 227 Mass. 74, 76.

The plaintiff has not been actually evicted from the demised premises, nor do the facts show, as is necessary to establish a constructive eviction, that "the landlord has deprived the tenant of the beneficial use or enjoyment of the whole or a part of the leasehold." *Hopkins* v. *Murphy*, 233 Mass. 476, 477. There has been no interference whatever with the lessee's enjoyment of the leasehold.

It is not contended by the plaintiff that there is any ground for enjoining the defendant from instituting proceedings at law or in equity if the lease is not cancelled. And it was not error for the trial judge to dismiss the bill, as the plaintiff was not entitled to equitable relief, instead of retaining it for assessment of damages — which on the facts found could not be more than nominal — for the alleged breach of the lessor's covenant to pay taxes. *Newburyport Institution for Savings* v. *Puffer*, 201 Mass. 41.

*Decree affirmed with costs.*