Wilson, J.
This is an action of contract wherein the plaintiff, a tenant of the defendants under a written lease,, seeks to recover damages for interference with his tenancy under circumstances described in the report. The answer was a general denial and that the plaintiff vacated and surrendered the leased premises. The court found for the plaintiff.
There was evidence tending to show that the plaintiff' had occupied the premises owned by the defendants under a written lease; that in accordance with the terms of the lease the plaintiff gave a proper notice to the defendants, for the purpose of terminating the lease on August 31,. 1938; that the rent was payable in advance on the first: *187 day of each month, at $55.00 per month; that the defendants offered the plaintiff a credit, equal to two weeks’ rent, if he would vacate on August 1. Thereafter, on August 11, the plaintiff went to pay the rent to August 31, and at that time requested the defendants to allow a credit, equal to two weeks ’ rent, and the defendants refused, whereupon the plaintiff said he would not give up the keys until August 31; that on August 11, the plaintiff moved his effects from the premises, and on August 13, paid to the defendants rent for the full month of August; that about a week later, the defendant removed the lock from the door and took possession of the premises and had taken down the living room wall and ceiling. The plaintiff did not return the keys until August 31.
The court made the following findings of fact:
££I find on all the evidence that the plaintiff did not surrender the key to the premises until the latter part of August, 1938, retaining possession of the key after removing furniture on August 11, 1938, and having paid the rent' of $55 on August 13, 1938, to cover the period from August 1st to August ¿1st, 1938, inclusive.
££I also find that the representatives of the defendant took possession of the premises before the expiration of the rental period, thereby depriving the plaintiff of any use or occupation he might have desired during the entire period, for which he had paid rent.”
The right to quiet and undisturbed enjoyment of the premises, whether occupied under a written lease or as a tenant at will, is an incident of the contract of letting. Damages for a violation of that right or covenant can be recovered in an action of contract. Riley v. Hale, 158 Mass. 240, 246. A. W. Bannister Co. v. P. J. W. Moodie Lumber Co., 286 Mass. 424.
The essentials of a constructive eviction have been recently discussed in Tracy v. Long, Mass. Adv. Sh. (1936) 1669,1670, where it was said:
*188 “It has frequently been said that in order to constitute a constructive eviction, there must be some act of a permanent character done by the landlord with the intent and effect of depriving the tenant of the enjoyment of the premises ...”
See also Royce v. Guggenheim, 106 Mass. 201, 202. Voss v. Sylvester, 203 Mass. 233, 240. Greater Boston Bowling Alleys, Inc. v. Olympia Theatres, Inc., 255 Mass. 477, 479; Shindler v. Milden, 282 Mass. 32, 33; And the intent of the landlord to deprive the tenant of the premises may be inferred from the character of his acts. Skally v. Shute, 132 Mass. 367, 372. Hopkins v. Murphy, 233 Mass. 476. Smith v. McEnany, 170 Mass. 26. Taylor v. Finnigan, 189 Mass. 568. Nisson v. Adams, 212 Mass. 429; Tracy v. Long, 1936 Adv. Sh. 1669.
There was ample evidence to support the finding of the trial judge that the defendants deprived the plaintiff of the use of the premises for the balance of the term.
The defendants strongly urge that the plaintiff surrendered the premises when he removed his property therefrom. But whether his action amounted to a surrender must be determined upon a consideration of all the surrounding circumstances. The plaintiff refused to give up the key, he paid the rent to August 31, asserted his intention of not giving up his right to the premises until the end of the tenancy, and refused a discount in his rent if he would vacate sooner when requested by the defendant to do so.
The denial of the defendants’ requests numbered 1 to 5 inclusive, was without prejudicial error. The special findings of the court are sufficient to warrant a ruling that the action of the landlord constituted an eviction of the plaintiff and that the plaintiff did not surrender the premises as claimed.
*189 • The defendants’ requests numbered 8 to 11, inclusive, called the attention of the trial court to the sufficiency of the evidence. The denial of them falls within the rule laid down in Strong v. Haverhill Electric Company, Mass. Adv. Sh. (1938) 345, and cases there cited.
The only remaining question is whether the trial court adopted the correct rule in assessing the plaintiff’s damages.
The plaintiff requested the court to rule, and the court gave the following requests for rulings so far as they refer to damages:
“5. If a tenancy is terminated by surrender between rent days, such termination destroyed the right which the landlord previously had to require the payment of rent for that month . . . as to the whole amount of the rent.
“6. If the plaintiff had failed to pay the rent for the month ending August 31, 1938, under the circumstances of the case at bar, the defendants could not recover the same from the plaintiff.
“7. Rent for the month of August, 1938, is indivisible and cannot be apportioned.
‘ ‘ 8. The plaintiff may recover back from the defendants rent paid to the latter in advance for the month of August, 1938.”
On this branch of the case the court refused the defendants ’ requests for rulings, which were as follows:
“13. The measure of damages in the instant case is not the amount of the rental the plaintiff has paid for the month of August 1938.
“14. If the court should "find that the plaintiff is entitled to recover, then all he can recover is nominal damages.”
The rule of damages in a case like the present has been said to be “the difference between the value of the leasehold with the covenant unbroken and its value with the covenant *190 broken.” A. W. Bannister Co. v. P. J. W. Moodie Lumber Co., 286 Mass. 424, 427, and eases there cited. See also Riley v. Hale, 158 Mass. 240, 246.
The entry upon the premises by the landlord does not come within any contingency stated in G. L. (Ter. Ed.) chapter 186, sections 8 and 9, and that statute has no application here.
It seems to us that the manner in which the trial judge dealt with the rulings upon the subject of damages indicates he did not have the correct rule of damages in mind. The damages might be greater or might well be less than the amount of one month’s rent if the correct rule for the assessment thereof was applied.
We, therefore, remand the case to the court of origin for a new trial solely upon the question of damages.