*Northern District*

No. 5997
**WALK HILL REALTY CO., INC.**
**v.**
**HELD, INC. AND CHARLES E. HELD**
Filed March 26, 1965

*Present*: Eno, J., Connolly & Parker, JJ.
  Case tried to *Brooks, J.* in the First District Court of Eastern Middlesex. No. 2870 of 1963.
*Parker, J.* The plaintiff seeks to recover $1,038.00 for rent due from the corporate defendant in Count 1; in Count 2 he seeks to recover the same amount from the

individual defendant as a guarantor of the corporate defendant. In a bill of particulars annexed to plaintiff's declaration, the rent is alleged to be due on a lease under seal dated 6 April 1962 covering the premises located at 159 Main Street, Medford. The defendants' answer is a general denial, eviction from the premises through no fault on their part, and on the part of the defendant Charles E. Held a denial that he executed any guaranty agreement and a denial of his signature but the report does not show that he demanded proof thereof so that such proof was not required.

The lease provides that the plaintiff leases to the defendant corporation the premises being "a store and basement located on the street floor . . . . . the same premises as heretofore used by the Lessee as a self-service laundry on the said premises or any business in connection with the same including . . . . . dry cleaning." The lease was for five years beginning 1 May 1962 and ending 30 April 1965 for a total rental of $5,400.00. Payment of the rent began the first year at $80.00 per month, and increasing each year by $5.00 a month. Rent was due in advance. The lessee "will keep good with glass of the same kind and quality as that which may be injured or broken, all the glass now or hereafter in the premises" . . . . . and acknowledges that the premises are now in good order and the glass whole . . . . . "and will peaceably yield up to the lessor the said premises, and all erection

and additions made to or upon the same, in good repair, order and condition in all respects." The lease provided that the lessor "may during the said term, at seasonable times enter to view the siad premises, . . . . . and may make repairs and alterations if it should elect so to do." The lease began with the first day of May 1962 and ended 30 April 1967.

The lease also contains as one of its provisions the following:—"Lessee will pay as additional rental" $10.00 each month for thirty months in order to discharge the defendant's obligation for past due rental from the defendant to the plaintiff and also that the defendant was to pay on 1 May 1962 $138.00 for past due water charges. Under this arrangement defendant paid plaintiff $70.00 only.

On the lease under the heading *GUARANTY* there is a writing signed by Charles E. Held which states that at the request of the plaintiff and for "good and valuable consideration" the said Held "does hereby unconditionally guaranty to said 'WALK HILL REALTY CO., INC.' . . . . . the full and faithful performance by HELD, INC., of all of the terms, covenants and conditions contained in said lease by said WALK HILL REALTY CO., INC. and HELD, INC and hereby agrees to promptly pay and discharge all rent payments and other charges provided for in said lease in accordance with the conditions provided for in said agree-

ment." Under the guaranty the defendant Charles E. Held also "hereby waives any and all further notice of any defense which it might have by virtue of the failure to give any such notice . . . . . ".

The defendant corporation had twenty washing machines and eight dryers located on the premises. There were two residential apartments above the part of the building covered by the lease between the defendant and plaintiff. In *early February* 1963 a water pipe in the ceiling over the defendant's store and a water pipe running along a wall inside the defendant's premises burst. The plaintiff had the water turned off which alleviated the flooded condition of the floor of the laundry.

There was no heat within the defendant's laundry and the defendant's heating plant was shut off. It was from this plant that the defendant supplied its own heat and hot water. A window bordering the street was broken and partially missing. Lack of heat and the missing window caused the pipe to freeze resulting in its bursting. After repair of the broken pipe, defendant reopened for business and remained so through the *end of March* 1963 when because of decreasing volume of business the defendant closed the store to business. The defendant corporation kept occupancy of the premises *until June* 1963 when the plaintiff brought summary process on which execution issued 17 June 1963. Shortly thereafter, the defendant vacated the premises and removed its equipment.

The court found for the plaintiff on its claim for rent remaining due in the amount of $230.00, being $300.00 due on the previous lease less $70.00 paid for the plaintiff for the unpaid water bill of $138.00 and that the defendants owe the plaintiff rent for January and February 1963 under the written lease $200.00. The court found that the flooding of the defendant's premises constituted constructive eviction as of 1 March 1963 and found for the plaintiff in the total amount of $598.00 plus interest.

The evidence warranted a finding that the defendant corporation, did owe the plaintiff $230.00 for rent for January, February, and March 1962, and that it did agree to pay the plaintiff $138.00 as rent under the lease for a water bill by 1 May 1962. The court found for the plaintiff in the amount of $200.00 for rent due for January and February of 1963 under the lease of 6 April 1962 but held that after 1 March 1963 the defendant had been constructively evicted.

It is to be pointed out that the rental for the first year under the lease was to be $80.00 per month plus these additions. On the basis of this, the rent for January and February 1963 would have been $160.00 instead of $200.00. Accordingly, the total amount due by the court's finding should have been:

| | |
|---|---|
| $230.00 | ($300—$70.00 paid in by the defendant) |
| 138.00 | (water bill unpaid 1 May 1962) |
| 160.00 | (rental due plaintiff from defendant January |
| $528.00 | and February 1963 $80.00 per month). |

The lack of heat and a missing plate glass window on the street caused the pipes to freeze and burst. The pipes were repaired. The defendant corporation thereafter opened the store for business through end of March 1963 when, because of decreasong volume of business, it closed the store to business. The report states that the defendant was still in occupancy of the premises in June of 1963, but had paid no rent since the previous December. The defendant vacated the premises shortly after 17 June 1963, the plaintiff having secured judgment and execution in summary process against the defendant.

[1]   On these facts there was no constructive eviction because the defendant was not evicted. It continued to remain on the premises till sometime shortly after 17 June 1963. There can be no constructive eviction unless the tenant leaves the premises. One cannot say that one is evicted if one continues to stay on the premises. Here the defendant remained on the premises until it was evicted by summary process. *Banister Co. v. Moodie Lumber Corp.*, 286 Mass. 424, 426; *International Tr. Co. v. Schumann*, 158 Mass. 287, 291; *Skally v. Shute*, 132 Mass. 367, 372.

■   Further, the lease contained no agreement on the part of the plaintiff to repair the premises, and as for the broken glass, the lease expressly provided that the lessee will keep good with glass of the same kind and quality as that which may be injured or broken, all the glass now on or hereafter in

the premises. While the record does not state specifically that the plate glass window was on the premises leased to the defendant it was in a window bordering on the street and the premises leased were the first floor and basement. On the evidence reported there was no breach of obligation to the defendants by the plaintiff in not repairing the window. *Stone v. Sullivan,* 300 Mass. 450, 454-55.

The defendant corporation's remedy, if it had one, was a suit for damages or a claim in recoupment against the plaintiff. *Taylor v. Finnigan,* 189 Mass. 568, 575.

The plaintiff filed five requests for rulings. The court did not act on any of said requests so they are deemed denied. We shall consider the plaintiff's request #1 and the defendant's request #2.

These requests are as follows:

1. In order for the defendants to avail themselves of the defense of constructive eviction, they must show that plaintiff lessor intentionally performed an act of such character that it was calculated to deprive the defendant lessee of the beneficial use and enjoyment of the premises, and that within a reasonable time after the same the defendant lessee availed himself of the same and vacated the premises.

The court allowed the defendant's request #2 reading as follows:

2. When the landlord allows premises to

fall into decay such acts constitutes eviction.

By not granting the plaintiff's request #1 and by granting the defendant's request #2, the court failed to properly instruct itself as to the law bearing upon the case.

Since the court was in error in its ruling on these requests, we do not consider its ruling on the other requests of the parties.

The finding of the court is vacated and there will be entered a finding for the plaintiff in the amount of $858.00 * on both counts. The plaintiff to have one execution only.

Gerald E. Katz, of Boston, for the Plaintiff

Russell P. Pearl, of Boston, for the Defendant.