ALVIN JACK SIMS and others *vs.* JACK MASON & others. April 6, 1972.
Two attorneys, lessees under a ten year lease of officers in Brockton,
by this bill in equity seek to require their lessors to provide facilities
and services allegedly required under the lease. A master's report,
supplemented and as modified as to damages, was confirmed. The
lessors appealed from the final decree, but not from the decree con-
firming the report. The master found that there had been various
breaches by the lessors, which diminished the value of the leasehold
to the lessees. The final decree ordered $7,431.25 to be paid by the
lessors to the lessees as damages with interest from December 2, 1968.
The lessors' breaches appear not to have been sufficient to amount to
a constructive eviction and the lessees remained in possession. The
master's subsidiary findings justified the conclusion that the lessors
had not provided proper cleaning services, had not undertaken prom-
ised improvements, and had not furnished suitable heat and air
conditioning. There is no indication that the damages allowed by
the final decree were excessive. A court of equity may fail to grant
specific relief and retain a case for the assessment of damages.
*Charles E. Burt, Inc.* v. *Seven Grand Corp.* 340 Mass. 124, 128–132
(which, in effect, treated *Callahan* v. *Goldman*, 216 Mass. 238, 239, as
not controlling in equity). See *Winchester* v. *O'Brien*, 266 Mass. 33,
38; Am. Law of Property, §§ 3.50, pp. 278–279; 3.51, 3.52. See also
*A. W. Banister Co.* v. *P. J. W. Moodie Lumber Corp.* 286 Mass. 424,
426–429; *Dyecraftsmen, Inc.* v. *Feinberg*, 359 Mass. 485, 488–490;
*Charlotte Theatres, Inc.* v. *Gateway Co. Inc.* 191 F. Supp. 834, 844
(D. Mass.), reversed on other grounds, 297 F. 2d, 483, 484–485 (1st
Cir.); Hall, Landlord and Tenant (Adams and Wadsworth's 4th ed.)
§ 242; annotation, 91 A. L. R. 2d 638. Questions concerning the
amount of damages and the admissibility of evidence, which the lessors
raised before the master, are not sufficiently argued to require any
decision by us. S. J. C. Rule, 1:13, 351 Mass. 738.

*Decree affirmed with costs of appeal.*
*Robert H. Nelson* for the defendants.

YVONNE C. WING *vs.* WAILEY L. WING. April 6, 1972. The hus-
band appealed from a decree granting, inter alia, a divorce to his
wife on the ground of cruel and abusive treatment. Although the
divorce has become absolute prior to the case being argued before us,
we have nevertheless reviewed the entire transcript of evidence and
discern no error.

*Decree affirmed.*
*Wailey L. Wing*, pro se.
*Robert F. McGrath* for the libellant.