ANTHONY P. SNIGER *vs.* HAROLD M. FENTIN.

Bristol.    March 10, 1976. — March 30, 1976.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Landlord and Tenant,* Independent covenants in lease, Repairs, Subletting.    *Lease,* Independent covenants, Repairs, Subletting.

A landlord was not relieved of his contractual duty to make major repairs to the leased premises by the fact that the tenant breached the lease by an unauthorized subletting of the premises. [217]

BILL IN EQUITY filed in the Superior Court on January 15, 1969.

The suit was heard by *Keating,* J., on a master's report.

The case was submitted on briefs.

---

*Leonard Louison* for the landlord.
*Edward A. Roster & Marc E. Antine* for the tenant.

HALE, C.J.    This is an appeal from a judgment of the
Superior Court entered on a bill for declaratory relief. We
summarize the facts from the appendix, which includes
the report of a master to whom the case was referred.[1]
    On October 2, 1968, Harold M. Fentin (landlord) leased
a building in Taunton to Anthony P. Sniger (tenant) for
commercial purposes. The lease was in writing and was
for a period of two years, with an option to renew for two
additional years. Under the terms of the lease the tenant
could partition off and sublet the "showroom" area of the
building. The lease also provided that there should be no
subletting of any other portion of the building without the
written consent of the landlord. The landlord was to be
responsible for major replacement or repair of the elec-
trical, plumbing and heating systems. On January 2, 1969,
the tenant, without the landlord's permission, sublet both
the "showroom" area and a "parts room" to one White.
The landlord then notified the tenant that he considered
that the sublease to White constituted a breach of the
lease and threatened to bring legal action to evict the
tenant. The tenant then brought this action and obtained
a restraining order prohibiting the threatened eviction.
Shortly thereafter the tenant amended his bill to include
a claim for sums expended by him for repairs to the roof
and heating system.
    The master found that the "parts room" was not a part
of the "showroom" area and that the tenant had com-
mitted a breach of the lease by subletting the parts room.
The master also found that the repairs made to the roof
had been minor but that those made to the heating system
at a cost of $807.46 were the responsibility of the landlord.
He concluded that because the tenant was in breach of
the lease the landlord was not liable for those repairs.

---

[1] The original order of reference was made on July 8, 1969. Two
masters and five and one-half years later, a report was filed.

Both parties moved for judgment on the master's report. The judge entered a judgment holding the landlord liable to the tenant for $807.46, the cost of major repairs to the heating system. See Mass.R.Civ.P. 53(e)(2), 365 Mass. (1974). From that judgment the landlord appeals. The sole issue presented is whether the tenant was precluded from recovering the costs of the repairs to the leased premises by reason of his breach of the lease in respect to the unauthorized sublease.

It does not follow, as contended by the landlord, that the tenant's breach relieved the landlord of his duty to make major repairs. Although the landlord could have taken steps to terminate the lease, there was no finding that the lease was terminated. Nor was there any finding from which we could infer a termination. The lease remained in effect until the expiration of its term in October of 1970.

Covenants in leases are generally independent in the absence of any clear indication to the contrary. *Barry* v. *Frankini,* 287 Mass. 196, 201 (1934). We find no indication that the covenants in the present lease were intended to be dependent. Since we are of the opinion that the covenants are independent, the landlord remains obligated for damages caused by his failure to repair the heating system despite the unauthorized subletting by the tenant. See *McMillan* v. *Wickstrom,* 244 Mass. 159, 163 (1923); *A. W. Banister Co.* v. *P. J. W. Moodie Lumber Corp.* 286 Mass. 424, 426-427 (1934); *Stone* v. *Sullivan,* 300 Mass. 450, 455 (1938); Restatement: Contracts, § 290 (1932). Contrast *Boston Housing Authy.* v. *Hemingway,* 363 Mass. 184, 188-189, 195-197 (1973). As there was no contention that the damages allowed by the Superior Court were excessive (*Sims* v. *Mason,* 361 Mass. 881 [1972]), the entry is

*Judgment affirmed.*