In re J.A.G., INC., Debtor.

**FRAMINGHAM WINERY, INC., Plaintiff**

**v.**

**J.A.G., INC., Defendant.**

**Bankruptcy No. 80–00101–JG.**

**Adv. No. A80–0298.**

United States Bankruptcy Court, D. Massachusetts.

Nov. 26, 1980.

Richmond, Rosen, Crosson & Resnek, Boston, Mass., for plaintiff.

Kaye, Fialkow, Richmond & Rothstein, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

JAMES N. GABRIEL, Bankruptcy Judge.

The plaintiff herein, Framingham Winery, Inc. (Winery) commenced this adversary proceeding seeking declaratory judgment as to its legal right to set-off and for a determination of the amount of its claims against the defendant. The defendant, J.A.G., Inc., a Chapter 11 debtor, has filed a motion for summary judgment alleging it is entitled to judgment as a matter of law. After a hearing on the motion, and submission of affidavits and legal memoranda, the court will grant partial summary judgment as to the issue of set-off and will schedule for trial the outstanding factual issues necessary for a determination of the validity and amount of plaintiff's claims.

On or about November 1, 1974, J.A.G., Inc. entered into a lease, as lessor, with S.C.I. Corp. for the premises at 700 Worcester Road, Framingham, Massachusetts. Subsequently, S.C.I. assigned its interest as tenant to the plaintiff, Framingham Winery, Inc.

By its terms, the lease required J.A.G. to construct the leasehold premises and improvements according to contract specifications, and to deliver such premises for occupancy within a designated time frame. Paragraph 4B of the lease provides that "The obligation to pay rent shall commence at that time that the Landlord has completed the improvements described and defined in Exhibit "D" and has delivered to Tenant a certificate of occupancy or like approval from the Building Commissioner or authority with like jurisdiction in the Town of Framingham."

On January 22, 1980, J.A.G. filed a petition under Chapter 11 of the Bankruptcy Code. It is undisputed that plaintiff did not take possession of the premises at 700 Worcester Road, Framingham, as tenant, until April 29, 1980, subsequent to the Chapter 11 filing, at which time the obligation to pay rent commenced.

In August 1980, after the Winery took possession of the premises, J.A.G. sold the

ground lease. The proposed buyer, as a condition precedent to closing, demanded that the Winery execute a Certificate of Estoppel, holding it harmless for all breaches under the construction/lease contract. The debtor created a "CURE FUND" out of the proceeds of the sale, limited by agreement of the parties to $135,000, for any damages which may have accrued to the Winery. The plaintiff then issued a Certificate of Estoppel to the purchasers.

The Winery alleges claims against the debtor in excess of $100,000 arising principally from the debtor's three year delay in readying the premises for occupancy and for failure to deliver the premises in accordance with contract specifications. The plaintiff further contends that it has a right to set-off those claims against the rent reserved under the lease.

Even assuming that plaintiff has valid claims against J.A.G., the defendant contends that the Winery is not entitled to any right of set-off whether such claims arose pre- or post-petition. The debtor has therefore sought summary judgment as to the issue of set-off.

In determining whether an issue is appropriate for summary judgment, the court must apply the standards set-forth in Rule 56(c) of the Federal Rules of Civil Procedure, applicable in bankruptcy by Rule 756 of the Rules of Bankruptcy Procedure. In relevant part, Rule 56(c) provides that a court is to grant the motion if:

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The defendant contends that the determination of the issue of set-off is an issue of law which is appropriately determined in a motion for summary judgment. Although the Federal Rule does not explicitly authorize the granting of summary judgment in favor of the adverse party, the court may grant such relief where it is warranted. *Ziviak v. United States,* 411 F.Supp. 416 at

425 (D.Mass.) aff'd 429 U.S. 801, 97 S.Ct. 36, 50 L.Ed.2d 64 (1976); *Boston Public Housing Tenant's Policy Council, Inc. v. Lynn,* 388 F.Supp. 493 at 498 (D.Mass. 1974); See also: 6 Moore's *Federal Practice,* Par. 56.12. The corresponding Massachusetts Rules of Civil Procedure 56(c) specifically states that "summary judgment, when appropriate, may be rendered against the moving party."

This court finds that the essence of the dispute as to set-off is a matter of law and that no material facts are actually controverted. As to this issue alone the law is determinative and therefore the issue is susceptible to resolution by summary judgment. *Bloomgarden v. Coyer,* 479 F.2d 201 (D.C.Cir. 1973).

The debtor filed its petition under Chapter 11 on January 22, 1980. At that time the Winery had not taken possession of the leasehold premises and neither party has asserted the Winery then owed any outstanding rental obligation to J.A.G. It is undisputed that no set-off occurred prior to the date of the debtor's filing.

Set-off, as generally understood, is "that right which exists between two parties, each of whom under an independent contract owes an ascertained amount of the other, to set-off his respective debt by way of mutual deduction." *John Wills, Inc. v. Citizen's National Bank of Netcong,* 125 N.J.Law 546, 16 A.2d 804 at 806. In the instant case, as of the time of filing, the Winery owed no definite obligation to J.A.G.—rent had not yet become due under the lease and it was uncertain whether the premises would become available for occupancy. Mutuality of obligation is a necessary prerequisite for the right of set-off to accrue. *Ansfield v. Whitewater Oil Co.,* 254 F.Supp. 494 (D.C.Wis. 1966). "To entitle a creditor to use the set-off principle against the bankrupt's estate, there must be mutual debts—that is, creditor's debt must be owed to the estate of the bankrupt and the estate's debt must be owed to such creditor." *McDaniel National Bank v. Bridwel,* 74 F.2d 331 (CCA Mo. 1934). See also: *Avant v. U.S.,* 165 F.Supp. 802 (D.C.Va. 1958).

■ In this instance, assuming the debtor owed the plaintiff pre-petition debt, the Winery at the time of filing was an unsecured creditor, to whom no right of set-off existed. "A covenant to pay rent creates no debt until the time stipulated for payment arrives . . . (T)he obligation upon the rent covenant is altogether contingent." *Standard Oil Co. of N. J. v. Elliot*, 80 F.2d 158 (4th Cir. 1935). (Quoting: *In re Roth and Appel*, 181 F. 667 at 669 (2d Cir.). The court in *Standard Oil* held that post-petition rent owed to the bankrupt estate could not be set-off against pre-petition indebtedness owed to the lessee because the obligations lacked mutuality. *Standard Oil* at p. 159.

In *Zimmerman v. Home Insurance Co.*, 175 S.C. 18, 177 S.E. 896 (1935), the court stated that rent to be earned and to accrue in the future is not an existing debt, but a contingent liability which is not to be allowed, upon principle, as a set-off. (at p. 896) No rent liability in fact accrued in this case until more than three months after J.A.G., Inc., filed its reorganization petition. The rent which subsequently became due was owed to the debtor estate. Therefore, as to pre-petition claims which the Winery may have, there was no mutuality of obligation at the time of debtor's filing and no right to set-off.

· The Bankruptcy Code is explicit. Section 553 provides that:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a *mutual* debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case . . . (emphasis added)

The Legislative history reflects the intent to recognize the existing doctrine of set-off and codify earlier case law as it developed under the Bankruptcy Act. *House Report No. 95–595*, 95th Congress, 1st Session, (1977) at 185, U.S. Code Cong. & Admin. News 1978, p. 5787. The Code does not change the yardstick for determination of the right to set-off in bankruptcy, which is mutuality. Mutual debts must be owing when the petition is filed commencing the bankruptcy proceeding. 11 U.S.C. Section 553(a); *Avant v. U.S.*, 165 F.Supp. 802 at 805 (E.Va. 1958). Since there existed no mutuality of debts pre-petition, the Winery's claim to set-off for pre-petition debts must be denied.

The debtor has further contended that even if the Winery's claims arose post-petition, the plaintiff still has no right to set-off against its post-petition rental obligations. The defendant bases its position on the lease document itself, the provisions of Massachusetts law and the Bankruptcy Code.

Neither party has asserted that provisions in the lease provide any contractual right of set-off to the lessee in this situation. The Winery, during oral argument, agreed that the lease did not establish the right to set-off for any alleged damages arising out of a delay in the delivery of the premises for occupancy or for default in the contract specifications.

This is a commercial, non-residential lease entered into in this Commonwealth. Massachusetts law controls. "Covenants in leases are generally dependent, in the absence of any clear indication to the contrary." *Sniger v. Fentin*, 4 Mass.App. 215 at 217, 344 N.E.2d 420 (1976) (Citing: *Barry v. Frankini*, 287 Mass. 196 at 201, 191 N.E. 651 (1934). The clear intent of this lease is that the Winery's obligation to pay rent is independent of covenants made by J.A.G.

■ Massachusetts law is clear. The tenant in a non-residential lease has the obligation to pay the rent as specified. This obligation is considered an independent covenant, so that the tenant has no right to withhold rent because of some breach by the landlord. *Malden Knitting Mills v. U.S. Rubber Co.*, 301 Mass. 229, 16 N.E.2d 707 (1938); *Barry v. Frankini*, 287 Mass. 196, 191 N.E. 651 (1934); *P. J. W. Moodie Lumber Corp. v. A. W. Banister Co.*, 286 Mass. 424, 426, 190 N.E. 727 (1934). The tenant's remedy is by an independent action against

the landlord for breach of covenant. *Mass. Practice*, Vol. 14, p. 218; *McMillan v. Wickstrom*, 244 Mass. 159, 138 N.E. 253 (1923); *Taylor v. Finnigan*, 189 Mass. 568, 76 N.E. 203 (1905).

The courts in Massachusetts have clearly established that in commercial leases, no breach of covenant except eviction—real or constructive, excuses the tenant from paying rent. *Stone v. Sullivan*, 300 Mass. 450, 15 N.E.2d 476 (1938); *Barry v. Frankini*, 287 Mass. 196, 191 N.E. 651 at 653–4 (1934); *P.J.W. Moodie Lumber Corp. v. A. W. Banister Co.*, 286 Mass. 424, 190 N.E. 727 (1934). The Winery has not alleged real or constructive eviction and has in fact remained in possession of the leasehold premises and has used the premises for the purposes designated in the lease, namely "for conducting a restaurant and cocktail lounge or other eating and drinking facility." (Lease Para. 5, sec. (i)). In *Taylor*, supra, the court held that despite the landlord's failure to furnish additional means of egress to a theater, according to the lease covenant, the tenant had no right to decline to pay rent as long as he chose to occupy the premises. This was true, the court found, despite the fact that the lessor's breach made the building unfit for use as a theater. *Taylor v. Finnigan*, 189 Mass. 568, 76 N.E. 203 (1905).

Recent legislative enactments in this Commonwealth protecting residential tenants do not apply to the case at bar. "Although the Massachusetts legislature has enacted statutes which permit tenants to initiate enforcement of the state Sanitary Codes by withholding rent[1] where demised premises are in violation of standards of fitness for human habitation, that statute has not abrogated the independent covenants rule." *Boston Housing Authority v. Hemingway*, 363 Mass. 184 at 194, 293 N.E.2d 831 (1973). See also: *Rubin v. Prescott*, 362 Mass. 281 at 286 fn.4, 284 N.E.2d 902.

The Winery has argued that Massachusetts case law has little or no relevance to the instant case in light of the supremacy of the Bankruptcy Code which permits the set-off of mutual debts.

In relevant part, section 553 of the Bankruptcy Code provides for the set-off of mutual debts and credits which arose pre-petition. The section is silent as to mutual post-petition obligations. The legislative history, however, suggests the Congressional intent that the same limitations should apply with respect to post-petition set-off as are adopted for pre-petition set-off to prevent creditors taking precipitous action in order to avoid more stringent post-petition limitations. *House Report No. 95–595*, 95th Congress 1st Session, 186 (1977).

The outstanding question remains as to whether the Code creates new rights of set-off where none exist under non-bankruptcy law or whether the Code merely recognizes the existence of the doctrine of set-off, while additionally restricting its application in a bankruptcy proceeding.

*Collier*[2] suggests that the Code creates no new rights of set-off and that where a situation is not prescribed or regulated by Section 553, the law of the state should be applied in connection with matters of substantive law relating to the asserted right of set-off. *4 Collier* Par. 553.06 at 553–558.

Similarly, the Seventh Circuit has held that Section 68(a) of the Bankruptcy Act "neither creates the right of set-off nor enlarges the doctrine of set-off," but recognizes the nature of set-off as established in common law and equitable procedure. *In re Rosenbaum Grain Corp.*, 103 F.2d 656 at 658 (7th Cir. 1939). Since Section 553 is silent as to the right of set-off for obligations arising post-petition, and as to the definition of mutuality, it appears that the substantive state law must control unless there is an overriding specific federal statute. This leads to a consideration of 11 U.S.C. Section 365 which specifically deals with Landlord/Tenant relationships under

---

1. Mass. Gen. Law Ch. 239 Sec. 8A.

2. *4 Collier on Bankruptcy*, 15th Ed. 1980, Sec. 553.02.

the Bankruptcy Code. The section permits a trustee, acting as a landlord, to assume an unexpired lease where there has been a default. Section 365(b)(1) states:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (a) cures, or provides adequate assurance that the trustee will promptly cure, such default;
>
> (b) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from default; and
>
> (c) provides adequate assurance of future performance under such contract or lease.

Once the above requirements have been satisfied however, the Code does not give the tenant any further rights. This differs specifically from the provisions in sections 365(h)(1) and (2) which allowed the tenant of a debtor landlord to offset rent against damages caused by the landlord's rejection of the lease. No such right of setoff appears to be made available by the Code where the debtor-landlord assumes the lease in accordance with statutory provisions of section 365.

In the instant case, the trustee has established a Cure Fund of $135,000 to satisfy any landlord breaches in the lease and cure any defaults. At this time, the amount of damages due to the tenant is unliquidated. The court deems it inequitable to permit the plaintiff to withhold rent and to set-off against an established fund. The debtor has been put in the position of setting aside a substantial sum of money to satisfy the maximum possible recovery due the tenant, and at the same time has been deprived of substantial monthly rental income pending a final determination on the merits of the Winery's claim. 11 U.S.C. Section 365 does not provide the tenant with a right of set-off once the trustee has provided adequate assurance that he can cure the default and perform under the lease.

Accordingly, the court finds that in law and in equity, the tenant may not continue to withhold the monthly rental obligation due the debtor.