13971

ZIMMERMAN *ET AL.* v. HOME INS. CO. *ET AL.*

(177 S. E., 895)

20

*Messrs. Elliott, McLain, Wardlaw & Elliott,* for appellants,

*Messrs. Melton & Belser,* for respondents,

January 10, 1935.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The Central Union Bank of South Carolina, with its principal place of business at Columbia, S. C., suspended business and closed its doors the 6th day of March, 1933, and the plaintiffs were appointed conservator-receivers, and are still engaged, as such, in the business of liquidating the assets of the defunct corporation. The defendant association, under date of October 15, 1931, leased from the Central Union Bank of South Carolina certain offices, in its bank building in Columbia, S. C., at a fixed rental which was payable monthly in advance on the 1st day of each month. The rent was regularly and duly paid up to the date of the closing of the bank on March 6, 1933; since that time there has accumulated as rent the sum due each month, as set forth in the complaint in this action.

At the date of the closing of the bank, the defendant had on deposit in the bank a sum of, approximately, $4,000.00.

Claiming the right to offset the sums due by it for rent against its deposit, it has each month tendered to the plaintiffs a check, drawn on its deposit in the Central Union Bank of South Carolina, for the sum of the monthly rent, which tenders have been regularly refused.

Action to recover the rent was begun January 26, 1934. To the complaint defendant answered, setting up the claim of right to offset the rent due by it with the amount due to it on its deposit account, to the amount of its indebtedness for rent; and, by way of counterclaim, demanded that the balance of their deposit be allowed them as an open and general creditor of the bank and dividends paid thereon.

To the answer and counterclaim the plaintiffs interposed a demurrer, a motion to strike out, and a motion for judgment on the pleadings.

Argument on the demurrer and the motions was heard by the late distinguished jurist, Hon. W. H. Townsend, Judge of the Fifth Circuit. On the 17th day of May, 1934, he rendered his decision in a decree which so plainly states and so correctly determines the questions involved that it would be a work of supererogation to attempt to add to it.

It appears that the appellants rely to some extent upon *Mather-James Co. v. Wilson,* 172 S. C., 387, 174 S. E., 265. That decision, however, lends no aid to their contention. The Court was there considering the law of distress in relation to other statutory provisions, notably the recording acts, and the condition named has a bearing only upon the question involved in that case; namely, a determination of the respective rights of a landlord and a mortgagee arising under the peculiar facts mentioned.

The decree of Judge Townsend, which will be reported, is affirmed, and the appeal is dismissed.

MESSRS. JUSTICES STABLER and CARTER and MESSRS. ACTING ASSOCIATE JUSTICES J. HENRY JOHNSON and C. J. RAMAGE concur.