## 18707

Charles W. GAMBRELL, Receiver for National Fidelity Insurance Company, Appellant, v. Joe M. COX and A. D. Tuck, d/b/a Cox & Tuck Agency, Respondents.

(157 S. E. (2d) 233)

*Messrs. Glen E. Craig,* of Columbia, and *T. E. Walsh,* of Spartanburg, *for Appellant,*

*Claude R. Dunbar, Esq.,* of Spartanburg, *for Respondents,*

September 27, 1967.

Bussey, Justice.

This action was commenced by Charles W. Gambrell, Insurance Commissioner, as receiver for National Fidelity Insurance Company, against the respondents, Joe M. Cox and A. D. Tuck, doing business as Cox and Tuck Agency. For convenience, the appellant will be referred to simply as the receiver, the insolvent insurer as the company, and the respondents as the agency.

Prior to August 7, 1961, the agency was writing insurance for the company under a written agency contract. On that date, due to the insolvency of the company, the receiver was duly appointed by an order of the court, which order canceled, as of that date, all outstanding policies written by the company, including a considerable number of policies written for the company by the agency. Involved in this litigation are insurance premiums which fall into two distinctly separate categories. In the first category are net premiums, that is gross premiums less agency commissions, allegedly in the amount of $4,740.88, due on policies written

by the agency, as to which no payment had been made by the agency to the company on the date of the receivership. Of the premiums falling in this category, the agency alleges that is has collected from policy holders only the sum of $1,845.42.

In the second category there are net unearned premiums, that is premiums for insurance beyond the date of the receivership, in the amount of $5,968.22, all of which had been paid by policy holders to the agency, and, in turn, paid by the agency to the company prior to the date of the receivership.

The complaint of the receiver seeks an accounting from the agency for the premiums included in the first category, it being alleged that there would be found due the receiver at least the sum of $4,740.88, demand for which had been made upon the agency and payment of which had been refused.

The agency filed an answer and what we construe to be a single counterclaim, severally stated by the agency, however, as four additional defenses or counterclaims, it being contended by the agency that it is not indebted to the receiver in any amount, but that if any amount be found due to the receiver, it is entitled to an offset thereagainst in the amount of the premiums involved in the second category. The receiver moved to strike a portion of the answer and demurred to the asserted counterclaim of the agency. The appeal is from an order of the lower court overruling receiver's motion and demurrers.

The state of the record and the briefs of counsel make it rather difficult to determine just what questions are properly before us and to arrive at a judicious decision thereof. The agency's pleadings are vague, ambiguous and apparently to some extent conflicting, leaving some doubt as to the basis upon which it considers itself entitled to the claimed offset.

The order of the lower court and the agreed statement of the case contain the facts that the agency had obtained from

the policy holders involved an assignment of their respective claims for the unearned premiums involved in the second category, and filed with the receiver a claim for the gross amount of such premiums, which facts, however, do not appear upon the face of the pleadings. Much argument is devoted to the effect of the foregoing facts; some exceptions are addressed to points not made below; and counsel diversely state quite a number of questions which they apparently deem to be properly before this court.

Out of this morass, we have finally concluded, after much study, that there is basically only one question properly before us, which may be simply stated as follows.

Giving to the rather vague pleadings of the agency the liberal construction to which they were entitled, did the lower court reach an erroneous result in overruling the receiver's motion and demurrers? For the reasons hereinafter set forth, we conclude that he did not. Lest, however, our affirmance of the result reached be misconstrued, we shall make some additional observations which we think are pertinent under the circumstances of this unduly involved and complicated appeal.

Before proceeding to discuss the contents of the pleadings of the agency, we should point out that the motion to strike was on the ground that the language complained of was "irrelevant, immaterial, redundant, conclusions of law, either or all", and thus the motion itself was in the nature of a demurrer. The agency was entitled to a liberal construction of its pleadings. See cases collected in West's South Carolina Digest under Pleading, Key No. 34. Where there is a semblance of a cause of action or defense set up in the pleading, its sufficency cannot be determined on motion to strike out. *Archambault v. Sprouse,* 215 S. C. 336, 55 S. E. (2d) 70, 12 A. L. R. (2d) 388; *Sams v. Sams,* 247 S. C. 467, 148 S. E. (2d) 154, 15 A. L. R. (3d) 1423.

The answer of the agency pled the written contract between it and the company, and paragraph 4 of its answer is as follows:

"4. Defendants deny that said agreement created any trust or fiduciary relationship between the parties and allege that it created a debtor-creditor relationship between the parties under which the defendants were liable for the payment of premiums on insurance sold by them less their commissions and less unearned premiums on cancelled policies. This account was subject to offset between the parties as a running open account, with no requirement of separation of funds collected from the general funds of the Defendants, from which general funds payments were made to National Fidelity Insurance Company for premiums on its policies sold by defendants, less defendants' commissions and less unearned premiums on policies cancelled."

The last sentence of the above paragraph is the ▮ language sought to be stricken by the receiver. He argues here, but did not make the point below, that the language is in conflict with the written agreement. He did not move to strike the language on the ground that such was sham, frivolous or repugnant, nor did he, we might add, make any motion to require the agency to make its pleadings more definite or certain in any particular. The lower court construed the language as alleging a contemporary interpretation placed upon the contract by the parties and their course of dealings and alleged actions pursuant to such interpretation. In this we cannot say that he was in error, and, moreover, the language complained of does contain some statement of facts, as opposed to a conclusion of law, which if otherwise irrelevant, could at least conceivably have some relevant bearing upon what amount, if any, is actually owed by the agency to the receiver on account of the premiums involved in the first category. Motions to strike allegations as irrelevant or redundant are largely within the discretion of the judge, and, moreover, his refusal to strike, in advance of trial, is not binding upon the judge who tries the case.

In its severally stated counterclaim seeking the setoff ▮ as to premiums involved in the second category, the agency reasserts paragraph 4 of its answer, above

quoted, and, additionally, alleges that it collected and paid to the company the premiums involved in the second category that in order to protect its customers, and its own business integrity, it had at its own expense provided such customers with other insurance, and that an offset should be allowed because the conduct of the company in representing itself to be solvent, when it was insolvent, amounted to a legal fraud upon the agency. In brief, we find nothing in the language of the agency's severally stated counterclaim which, standing alone, unaided by the allegations of paragraph 4, would entitle it to the offset it claims.

When the language of that paragraph is considered, however, and liberally construed in favor of the agency, we think it should be allowed an opportunity to prove, if it can, that a right existed in it to the unearned premiums in the second category, as to which it claims an offset, at the time of the receivership.

We, of course, do not have the various policies before us, but, at least normally, unearned premiums already collected by the agency and paid to the company are, upon cancellation of such policies, owed by the company to the policy holders and the policy holders alone; not to the agency. If the agency has any right of setoff, with respect to the premiums involved in the second category, it must prove that a right to such existed in it at the time of the insolvency.

Although the basis of the agency's claim of right to a setoff is far from clear, if, perchance, the real basis thereof is the assignments obtained by it from the policy holders, we should point out that it is well settled in this jurisdiction that a debtor will not be permitted to set off against his debt a claim or claims assigned to him after the insolvency or receivership of his creditor. The right, if any, to setoff against an insolvent concern or individual has to be governed by the state of facts existing at the time of the insolvency, rather than rights created or obtained thereafter. *Bank of Anderson v. Allen*, 146 S. C.

167, 143 S. E. 646, 60 A. L. R. 580; *Zimmerman v. Home Ins. Co.,* 175 S. C. 18, 177 S. E. 895.

The cases of *Carwile v. Metropolitan Life Ins. Co.,* 136 S. C. 179, 134 S. E. 285; *Carwile v. Metropolitan Life Ins. Co.,* 135 S. C. 111, 134 S. E. 275; *Ex Parte Mechanics Federal Savings & Loan Ass'n of Rock Hill,* 199 S. C. 23, 18 S. E. (2d) 592, 139 A. L. R. 714, and the decision of the California District Court of Appeals in *Downey v. Humphreys,* 102 Cal. App. (2d) 223, 227 P. (2d) 484, were strongly relied on in the order of the lower court and relied on by the agency here. In the cited South Carolina cases, offsets were allowed on the basis of rights existing at the time of the insolvency and not on the basis of any after acquired right. The cited California case dealt with a situation where under an oral general agency contract the agreement, as well as the practice, between the agency and the company was for the agency to retain all unearned premiums and remit to the company only earned premiums, whereas in the instant case, the premiums in the second category which the agency attempts to set off were, in fact, collected by the agency and paid to the company prior to insolvency. Whether any of the cases relied upon by the agency have any applicability whatsoever to the instant controversy will depend upon whether the agency, upon the trial, is successful in proving facts which make any of such decisions applicable.

A great deal of the argument of counsel is devoted to the nature of the relationship existing between the company and the agency, it being asserted by the receiver that the relationship was a fiduciary one, and by the agency that it was simply a debtor-creditor relationship. We do not attempt, on the basis of the pleadings, to decide precisely what the relationship was. Whether the relationship was that of debtor-creditor, fiduciary, or of a dual nature, can best be decided in the light of the evidence adduced upon the trial.

In conclusion and to avoid any possible misconstruction, we point out that the judgment of the lower court is affirmed in result only, and, except as hereinabove expressed, we do

not undertake to pass upon the contents of the rather lengthy order from whence comes this appeal. The cause is remanded for further proceedings, not inconsistent with the views herein expressed.

Affirmed in result.

Moss, C. J., and LEWIS and BRAILSFORD, JJ., concur.

LITTLEJOHN, J., disqualified.