819 F.2d 1137
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George FABE, Director of Insurance, State of Ohio, and
Liquidator of Proprietors Insurance Company, an
Ohio Corporation, Plaintiff-Appellee,
v.
H. Harvey BRASWELL, d/b/a Braswell Insurance Services,
Defendant-Appellant.
 No. 86-2556.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 9, 1987.
Decided May 19, 1987.
 
 Before WIDENER, HALL and WILKINS, Circuit Judges.
 Ronald R. Hall, on brief, for appellant.
 Frank B.B. Knowlton, Robinson, McFadden, Moore, Pope, Williams, Taylor & Brailsford, P.A., on brief, for appellee.
 PER CURIAM:
 
 
 1
 H. Harvey Braswell appeals from the district court's entry of judgment in favor of plaintiff-appellee George Fabe in this diversity action. Fabe is the Superintendent of Insurance of the State of Ohio and appears here as the liquidator of Proprietors Insurance Company ("PIC"), an Ohio corporation. Fabe brought this diversity action seeking to recover premiums and commissions from Braswell, who operates an insurance agency in Lexington County, South Carolina, known as Braswell Insurance Services. We affirm.
 
 
 2
 On June 17, 1980, Braswell entered into an Agency Agreement with PIC under which Braswell was to act as agent for PIC. Under the agreement Braswell solicited proposals for insurance and forwarded those proposals to PIC. PIC wrote insurance contracts for which Braswell collected and forwarded premiums and retained commissions. Under the agreement policy premiums were to be collected by Braswell, held in trust, and forwarded to PIC within 45 days following the end of the month in which the policies became effective. Braswell was also required, upon termination of the agreement, to properly account for and pay over to PIC all premiums and unearned commissions upon termination of the agreement.
 
 
 3
 On July 30, 1981, Robert L. Ratchford, Jr., then Superintendent of Insurance for the State of Ohio, was appointed conservator of PIC by the Court of Common Pleas of Franklin County, Ohio, to oversee the liquidation of PIC. On the same day as liquidator Ratchford sent a mailgram to Braswell notifying him of the court's appointment of a liquidator for PIC. The mailgram also cancelled the Agency Agreement, instructed Braswell to collect and pay all balances due PIC, denied any setoffs, and prohibited any refunds to policyholders. According to Braswell, he did not receive this mailgram until August 7, 1981.
 
 
 4
 The Ohio court formally held PIC to be insolvent on August 5, 1981. On August 7, 1981, all insurance policies (except ocean marine policies) were cancelled as of September 4, 1981, by order of the Ohio court. Later the same court enjoined the assertion of claims against PIC except in the Ohio liquidation proceedings.
 
 
 5
 As of August 5, 1981, Braswell held premiums due PIC in the aggregate amount of $11,287.00, which had accrued prior to the appointment of the liquidator on July 30, 1981. In the nonjury trial below, which consisted of oral argument of counsel, stipulated evidence, and joint findings of fact and conclusions of law, Braswell did not dispute that PIC's records showed an aggregate amount of $11,287.00 due and owing by Braswell.
 
 
 6
 Braswell's defense was that he was entitled to set off the amount in question against funds which Braswell used to purchase replacement policies for those customers who had coverage with PIC. Braswell conceded that he made the replacement purchases after receipt of the July 30, 1981, mailgram notifying him of the cancellation of the Agency Agreement effective July 30, 1981.
 
 
 7
 The district court entered judgment in favor of Fabe for $11,287.00 in premiums, plus prejudgment and postjudgment interest. The district court held that under both South Carolina statutory law and its common law, Braswell was not entitled to a setoff on a claim which accrued after the insurer was declared insolvent. Because Braswell's claim to setoff arose after PIC's declaration of insolvency, whether that date was viewed as July 30, 1981, or August 5, 1981, Braswell was not entitled to a setoff. Hence, Braswell owed the amount shown on PIC's records.
 
 
 8
 On appeal, Braswell's essential contention is that he was entitled to a setoff because he did not receive adequate notice of either termination of the Agency Agreement or PIC's insolvency. He also contends that he was obligated to seek replacement insurance policies for PIC's insureds.
 
 
 9
 The validity of the claim to setoff must be governed by the state of facts existing at the time of the insolvency, rather than the rights created or obtained thereafter. S.C.Code Ann. Sec. 38-5-2190(B) (Law. Co-op.1976); Gambrell v. Cox, 250 S.C. 228, 235-36, 157 S.E.2d 233, 236 (1967). Braswell's liability had accrued as of the date of the declaration of insolvency, August 5, 1981. Any attempts to seek replacement coverage did not begin until after that date. Therefore as of the declaration of insolvency, August 5, 1981, Braswell had no right to setoff.
 
 
 10
 Moreover, when Braswell acted to secure replacement insurance coverage, he acted without authority and as a volunteer. The July 30, 1981, mailgram expressly revoked Braswell's authority to refund or credit its policyholders any unearned premiums, and stated that any such refunds would be made at Braswell's own expense. The mailgram was effective to revoke Braswell's authority. See Fabe v. Facer Insurance Agency, Inc., 773 F.2d 142, 146 (7th Cir.1985), cert. denied, --- U.S. ----, 54 U.S.L.W. 3562 (Feb. 24, 1986) (No. 85-1000). Thus Braswell's action, being without authority and therefore voluntary, created no liability on the part of PIC or the liquidator to Braswell. Braswell's contention that S.C.Code Ann. Sec. 38-5-1840 (Law. Co-op.1976), a jurisdiction and venue provision, somehow mandated the purchase of replacement coverage is completely meritless.
 
 
 11
 In sum, Braswell's claims to setoff were properly denied because, among other things, no right to setoff had accrued as of the liquidation date. Accordingly, the district court properly determined that Braswell owed the sum recorded as due on PIC's record books, plus prejudgment and postjudgment interest. Because the facts and legal arguments are adequately presented in the briefs and record and oral argument would not significantly aid the decisional process, we dispense with oral argument and affirm the judgment of the district court.
 
 
 12
 AFFIRMED.