Christian, J.,
delivered the opinion of the court.
The single question we have to determine in this case is, whether the homestead exemption can be claimed against a fine due to the commonwealth, imposed for a violation of its criminal laws.
The record shows that Lewis Lector was tried and convicted upon two indictments in the county court of Fauquier for misdemeanor. In the one case he was sentenced to thirty days’ imprisonment in the county jail, and to pay a fine of one hundred and twenty-five dollars; in the other, to fifteen days’ imprisonment and to a fine of fifteen dollars.
Executions for these fines were placed in the hands of the sheriff of Fauquier, and by him levied upon certain personal property of Lector. And thereupon a bill of injunction was filed by Lector and wife on behalf of *715 themselves and their children, in which' they claimed that the property levied on had been set apart by said Hector as his homestead, and prayed for an injunction to prevent the sale of said property. The injunction was awarded, and upon the hearing was perpetuated by the circuit court of Fauquier county. From this decree perpetuating the injunction, the sheriff, on behalf of the commonwealth, applied for and obtained an appeal from one of the judges of this court.
Upon the record thus presented we have to determine the question, whether the homestead declared and claimed by Hector can be claimed against the commonwealth for fines imposed for a violation of its penal laws.
This question depends solely upon the construction to be given to the 1st section of article xi of the constitution of this state, which is in these words:
“§ 1. Every householder, or head of a family, shall be entitled, in addition to the articles now exempt from levy or distress for rent, to hold exempt from levy, seizure, garnisheeing, or sale under any execution, order or other process, issued on any demand for any debt heretofore or hereafter contracted, his real and personal property, or either, including money or debts due him, whether heretofore or hereafter acquired or contracted, to the value of not exceeding two thousand dollars, to be selected by him,” &c.
How, it will be observed that the exemption under this section is from sale under execution or other process “ issued on any demand for any debt contracted.” A fine imposed by statute for the violation of a law cannot, in any just sense, be designated as a debt contracted. The ordinary meaning of the word “debt” is a sum of money due to another by contract; and a “ debt contracted ” necessarily means that a debtor has come under a voluntary obligation to a creditor. The relation of *716 debtor and creditor implies, as of course, that the one has given credit to the other in a contract. It would be a solecism and absurd to say that a fine imposed as a puishment for a penal offence was a debt contracted. Contracted how ? Contracted with whom? “A debt contracted” implies the voluntary action of debtor and creditor founded on a valuable consideration. This, cannot be predicated upon a fine imposed by way of punishment. The very essence of a contract is taken away when the amount is assessed as a penalty' for 'violated law claimed by the state as a puishment for crime.
But the state, I eoncieve, is not within the purview of the constitutional provisions concerning homestead exemptions, as expressed in the 1st section, article xi, because not named therein, and but for the exceptions contained in the proviso to said section, the commonwealth could not be construed to come within its operation. It is old and familiar law, and is applicable to the state as well as the crown, at common law, that where a statute is general, and any prerogative, right, title or interest is diverted or taken from the king, in such case, the ldng shall not be bound unless the statute is made by express words or necessary implication to extend to him. Bac. Abridg. Prerogative E, p. 92. This principle of the common law, as applied to the state, has been recently recognized by this court in the case of Ford v„ The Commonwealth, decided at the present term, where it was held that the homestead exemption cannot be set up by the sureties of a public officer to defeat a claim of the commonwealth for taxes collected and not accounted for. I refer to the elaborate opinion of my brother Burks, and the cases referred to by him as authority in this case, to show that the homestead exemption cannot be claimed against a demand of the commonwealth for taxes. Especially, I think, can tins not be done where *717 such demand is in the nature of a penalty for a violation of law.
Surely it would be contrary to the theory and design of the homestead laws, which are said to be founded upon considerations of sound public policy and for the public welfare, if they were so construed as to interfere with the administration of public justice, and take away the potent means of punishing crime. The public welfare is best promoted by the enforcement of the laws, and one of the most potent means of their enforcement is by fines imposed for their violation. It never could have been within the purview of the constitution, in enacting a homestead law, to deprive the state of the means of punishing offenders against its laws, by permitting such offenders to claim exemption against punishment for a violation of the penal laws of the commonwealth.
This is a case of first impression in this court. I have oarefully examined the decisions of other states where homestead laws prevail, but can find no case in which the precise question before us has been determined. But. I find that it has uniformly been .held in all the states where the provision in their constitutions and laws is similar to this, exempting property from sale under execution, &c., “for any debt contracted,” that the exemption does not apply to judgements and executions for torts, that the exemption applies only to executions in eases ex contractu, and not to cases ex delicto. The best reasoned cases are those of New York and Pennsylvania. See Shonton v. Kilmer, 8 How. N. Y. Pr. R. 527; Lathrop v. Singer, 39 Barb. R. 396; Lane v Baber, 2 Grant’s Cases, 424. See also Davis v. Henson, 29 Ga. R. 345.
It was held in all of these cases that the homestead exemptions could not be claimed against executions in actions for torts.
*718 Now, if according to these authorities the homestead exemption cannot be claimed as against executions on judgments for torts, a fortiori it cannot be claimed as against a fine imposed for a penal offence.
I am, therefore, of opinion to reverse the decree of the circuit court of Fauquier, perpetuating the injunction of sale; and am of opinion that the property levied on by the sheriff is liable to he sold under the execution for fines imposed by the commonwealth, although claimed under the exemption of homestead declared and put on record by the appellee Hector.
The decree was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that the decree of the circuit court of Fauquier, perpetuating the injunction in this cause, is erroneous. It is therefore decreed and ordered that the said decree he reversed and annulled, and that the appellant recover against the appellees his costs by him expended in the prosecution of his appeal here, together with his costs by him expended in the said circuit court.
And this court, now proceeding to enter such decree as the said circuit court ought to have rendered, it is decreed and ordered that the said injunction awarded on the — day of-, 18—, be dissolved, and the bill of the appellees he dismissed. All of which is ordered to be certified to said circuit court.
Decree reversed.