# Richmond.

JEWETT, v. WARE, SHERIFF, AND OTHERS.

January 30, 1908.

1. HOMESTEADS—*Judgment for Breach of Contract—Tort—Fraud.*—Where
the right of recovery in an action is rested solely upon the ground
that the plaintiff has been damaged to a certain amount by a
breach of contract on the part of the defendant, and not by reason
of a tort, the mere use of violent terms in characterizing the al-
leged fraud in the procurement of the contract, and its breach, will
not suffice to convert the breach of the contract into a tort. Against
a judgment obtained in such an action the defendant may claim the
benefit of the homestead exemption.

Appeal from a decree of the Circuit Court of the city of Wil-
liamsburg and James City county. Decree for the defendants.
Complainant appeals.

*Reversed.*

The opinion states the case.

*J. N. Stubbs* and *B. H. Ewan,* for the appellant.

*Armistead & Son,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

This is an appeal from a decree dissolving an injunction en-
joining and restraining appellee, W. W. Ware, sheriff of the

city of Williamsburg and the county of James City, from selling certain property claimed by appellant, M. S. Jewett, and set apart by a homestead deed duly executed and recorded, which property had been levied on under an execution sued out by appellee, D. H. Smith.

A number of questions were presented in the pleadings and brought here by assignments of error for consideration, but in our view of the case it is only necessary to determine whether or not appellant is entitled to claim and hold the property as a homestead exemption against the judgment, to satisfy. which the execution levied thereon was issued.

In an action denominated as "trespass on the case," brought by appellee, D. H. Smith, against appellant, in the circuit court for the city of Williamsburg and county of James City, a judgment was entered in his favor against appellant for the amount of $600 and interest, as ascertained by a verdict of a jury, the gravamen of the declaration filed being, that the appellant had, with the consent of appellee, Smith, obtained from a Mrs. Bishop and her husband a certain piece of oyster-planting ground, with oysters and shells therein, containing about forty-six acres, held under a lease from the state of Virginia by the said Mrs. Bishop and her husband, upon which appellee, Smith, held an option of great value, and that appellant, after obtaining the consent of appellee, to a conveyance of said oyster-planting ground from Mrs. Bishop and her husband and had obtained a conveyance of the said oyster-planting ground and the oysters and shells to himself, then and there agreed and promised appellee, Smith, to hold the said oyster-planting ground with oysters and shells thereon in trust for the mutual use and benefit of appellee, and appellant, a consideration to appellee for his consent to have the transfer and assignment of the said oyster-planting ground, etc., to appellant, which promise and agreement appellant thereafter refused to keep and perform, etc., to the damage of the appellee amounting to $3,000.

It is not denied that appellant is a householder and head of a family, entitled to claim and set apart a homestead exemption within the purview of the constitution and statutes of the state, nor that his homestead deed setting forth the property claimed by him as a homestead exemption was duly executed and recorded as required by law; and that the property levied on by Sheriff Ware is embraced in appellant's homestead deed is made clearly to appear; therefore, the single question for decision is, whether or not the debt of appellee, Smith, is such that the appellant cannot protect himself against it by claiming a homestead exemption.

Our constitutional provisions for a homestead exemption to a householder and head of a family name specifically the exceptions under which the exemption cannot be claimed, and then provides that these provisions are to be liberally construed, and forbids the impairment or defeat by the general assembly of the benefits of the homestead exemption.

That the claim of appellant to the benefit of the homestead does not come within any of the exceptions specifically named in the constitution, does not admit of discussion, and the sole ground on which it is contended that he is not entitled to claim and have the benefit of the exception is, that the judgment of appellee "was not obtained on a matter *excontractu*, but on a matter *exdelicto*—not on a contract but for a tort," etc.

The present homestead law does not materially differ from the former constitution and statutes enacted pursuant thereto,. and in support of his contention appellee relies upon *Whiteacre, Sheriff*, v. *Rector & wife*, 29 Gratt. 714, 26 Am. Rep. 420, and *Burton* v. *Mills*, 78 Va. 468. In those cases and a number of others decided by this court, the right of a debtor to the benefit of the homestead exemption was denied, either because he came within one of the exceptions named in the constitution, or his liability for the debt asserted against him arose out of a tort. and not a breach of contract.

In *Whiteacre &c.* v. *Rector & wife, supra,* the opinion does say that the exemption does not apply to judgments and executions for torts, but applies only to executions in cases *ex-contractu* and not to cases *ex-delicto;* but that case involved the recovery of a fine due the commonwealth.

In *Burton* v. *Mills, supra,* the liability against which it was sought to avail of the benefit of the homestead exemption was for a "breach of promise of marriage," and the court regarded the breach of the promise of marriage as a *quasi* tort, on the ground that exemplary damages were allowable, in which respect the remedy is widely different from the case of ordinary actions on contracts, where the agreement of the parties controls the measure of remuneration. The opinion, after stating that a contract of marriage is essentially different in many respects from all other contracts, quotes with approval from Sedgewick on Damages, p. 248, where it is said: "Though in form an action *excontractu,* yet it being impossible, from the nature of the case, to fix any rule or measure of damages, the jury are allowed to take into consideration all the circumstances and permitted to exercise an absolute discretion in the matter of compensation, provided their finding is free from prejudice," etc. It is true that the opinion further says that "the homestead provision in our constitution and laws was intended to give protection to the unfortunate as against debts contracted, and not to fortify the crafty and designing against the consequences of their wrong-doing;" but the court was there speaking of the peculiar facts of that case, and in no case decided by this court, except where the liability arose out of a breach of promise of marriage, involving the question of "tort," was there a contract express or implied between the parties.

In this case, while the declaration upon which the judgment sought to be enforced against the property claimed by appellant as a homestead exemption was obtained, in acrimonious terms charges him with fraud and deceit in procuring the alleged con-

tract with appellee, it amounts to no more than an assertion of the right of appellee to recover of the appellant damages sustained in consequence of a wrong which grew directly out of a contract between the parties. After all the severe charges against appellant in the declaration, the right of recovery is rested solely upon the ground that appellee had been damaged to a certain amount by a breach of contract on the part of appellant, and not by reason of a tort.

A "tort" is "any civil wrong or injury; a wrongful act (not involving a breach of contract) for which an action will lie; a form of action, in some parts of the United States, for a wrong or injury." Webster's Inter. Dic. p. 1520, 2 Bouv. L. Dict. 1124, 1 Hill on Torts, 1.

The mere use of violent terms in characterizing the procurement of a contract and its breach will not avail to convert a breach of the contract into a "tort," for if it would, the benefits of the homestead exemption provided by our constitution and statutes could be very easily frittered away or made of no avail.

We are of opinion that appellant is clearly entitled to the benefit of his homestead exemption as against the debt asserted against him by appellee, Smith; and, therefore, the decree of the circuit court appealed from must be reversed, and this court will enter the decree which that court should have entered, perpetuating the injunction theretofore awarded in the cause, with costs to appellant.

*Reversed.*