In re Roger Lee **EPPERLEY, Debtor.**

Roger Lee **EPPERLEY, Plaintiff,**

v.

Billy **WOODYARD** t/a Woodyard Auto Repair Shop, **Defendant.**

Bankruptcy No. 7–79–00970.

Adversary Proceeding No. 7–80–0022.

United States Bankruptcy Court, W. D. Virginia, Roanoke Division.

April 11, 1980.

James L. Tucker, Pulaski, Va., for plaintiff.

Garnett S. Moore, Moore & Groseclose, Pulaski, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The Complaint seeks an order from the Court holding that the Plaintiff's homestead deed exempting his motor vehicle is paramount to a garageman or mechanic's lien for repairs.

The Debtor filed petition herein under Chapter 7 of the *Bankruptcy Code* (11 U.S.C. § 701, *et seq.*) seeking a discharge of his dischargeable debts on December 3, 1979. On November 29, 1979, the Debtor prepared and recorded a homestead deed setting apart as exempt a 1972 Plymouth automobile. In October, 1979, prior to the filing of the petition herein, the Plaintiff engaged the services of the Defendant to make certain repairs on said vehicle. A controversy arose as to the amount due and owing for said repairs as a result of which the motor vehicle remains in possession of the Defendant.

The Plaintiff-Debtor contends that the Defendant contracted the repair of the motor vehicle and estimated the charges at the time the vehicle was left with the Defendant for repairs, a sum of $175.00. The Defendant testified that thereafter, upon examining the condition of the vehicle it appeared that the repairs would exceed the estimate and called the Plaintiff at which time the Plaintiff suggested that the Defendant proceed to make the repairs. The total charges for the repairs amounted to $311.28. The Defendant, in addition to this sum claims approximately $150.00 for storage during the time the vehicle has remained with the Defendant.

It is the position of the Plaintiff that the homestead exemption which has been set apart by this Court without objection, exempts the vehicle from the charges asserted by the Defendant for repairs. The Defendant claims that by virtue of the statutory liens granted to him under the Code of Virginia gives the Defendant a fixed lien, perfected and superior to the claim to the homestead exemption.

Virginia, by virtue of § 34–3.1 enacted in 1979, is one of a few states in the nation that has excluded itself from the exemptions provided in 11 U.S.C. § 522 of the *Bankruptcy Reform Act* and consequently, the exemption statutes contained in the Code of Virginia prevail.

Virginia Code § 34–4 provides for the homestead exemption that a householder may claim in addition to other exemptions granted by statute from levy distress or garnishment, real estate or personal property selected and set forth in a homestead

deed not to exceed $5,000.00. § 34–5 designates debts to which the exemption provided in § 34–4 do not apply. Among such debts are purchase price of the property, taxes, rent, fees and costs of court proceedings, and shifting stock of merchandise. In Paragraph (2) there is further exempted "services rendered by a laboring person or mechanic." The Defendant is a sole proprietorship with four or five employees in the town of Pulaski, Virginia, t/a Woodyard Auto Repair Shop. As such, there may be serious dispute as to whether or not the Defendant t/a "Woodyard Auto Repair Shop" is a "laboring person or mechanic" within the intent and purview of § 34–5 thereby excluding the debt from the homestead exemption claimed by the Plaintiff.

The Virginia legislature has enacted for the benefit of certain businesses and enterprises a series of possessory lien provisions § 43–31 provides this protection for innkeepers and boarding house keepers upon the property of their guests. § 43–32 provides a lien in favor of keepers of livery stables, garages, etc.[1] Additionally, § 43–33[2] provides a lien of a mechanic for repairs. The foregoing sections give an undisputed possessory lien to the benefited party limited only to the amounts set forth therein as to prior existing encumbrances. See also Virginia Code § 8.9–310 in which the Uniform Commercial Code reinforces the statutory lien rights so far as the provisions of the Uniform Commercial Code are applicable.

1. "Every keeper of a livery stable, marina or garage, and every person pasturing or keeping any horses or other animals, vehicles, boats or harness, shall have a lien upon such horses and other animals, vehicles, boats, and harness, for the amount which they may be due him for the keeping, supporting and care thereof, until such amount is paid; provided, however, that in the case of any boat or vehicle which is subject to a chattel mortgage, security agreement, deed of trust, or other instrument securing money, the keeper of the marina or garage shall have a lien thereon for his just and reasonable charges for storage under this section to the extent of seventy-five dollars and for alteration and repair under § 43–33 to the extent of one hundred fifty dollars and in addition, such keeper shall be entitled to a lien against the proceeds if any, remaining after the satisfaction of all prior security interests or liens, and may retain possession of such property until such charges are paid. The lien created under the provisions of this section shall not extend to any personal property which is not attached to, or considered to be necessary for the proper operation of any motor vehicle, and it shall be the duty of any keeper of such personal property to promptly return it to the owner."

2. 43–33.
"Every mechanic, who shall alter or repair any article of personal property at the request of the owner of such property, shall have a lien thereon for his just and reasonable charges therefor and may retain possession of such property until such charges are paid.

And every mechanic, who shall make necessary alterations or repairs on any article of personal property which from its character requires the making of ordinary repairs thereto as a reasonable incident to its reasonable and customary use, at the request of any person legally in possession thereof under a reservation of title contract, chattel mortgage, deed of trust, or other instrument securing money, the person so in possession having authority to use such property, shall have a lien thereon for his just and reasonable charges therefor to the extent of one hundred fifty dollars and in addition, such mechanic shall be entitled to a lien against the proceeds, if any, remaining after the satisfaction of all prior security interests or liens, and may retain possession of such property until such charges are paid. In any action to enforce the lien hereby given all persons having an interest in the property sought to be subjected shall be made parties defendant.

If the owner of the property held by the mechanic shall desire to obtain possession thereof he shall make the mechanic defendant in proceeding in the county or municipal court to recover the property.

The owner may give a bond payable to the court, in a penalty of the amount equal to the lien claimed by the mechanic and court costs, with security to be approved by the clerk, and conditioned for the performance of the final judgment of the court on the trial of the proceeding, and with a further condition to the effect that, if upon the hearing, the judgment of the court be that the lien of the mechanic on such property, or any part thereof, be enforced, judgment may thereupon be entered against the obligors on such bond for the amount due the mechanic and court costs, if assessed against the owner, without further or other proceedings against them thereon. Upon giving of the bond, the property shall be delivered to the owner."

From the foregoing, it is readily apparent that a clash exists between the homestead rights of the Plaintiff and the lien rights of the Defendant. Courts have held as to homestead exempt rights that in some instances, the homestead exemption is superior and in other cases that it must give way to rights of other parties. The homestead exemption cannot be claimed on a matter arising *ex delicto. Jewett v. Ware*, 107 Va. 802, 60 S.E. 131 (1908). It has been held to be superior to a claim for a Federal criminal violation as to fine and costs. *Allen v. Clark*, 126 F. 738 (4th Cir. 1903), however, it is not superior to a penalty for crime against the Commonwealth. See *Whiteacre v. Rector*, 70 Va. (29 Gratt.) 714, 26 Am. Rep. 420 (1878).

The homestead exemption laws must be liberally construed in favor of the householder. *Wilkinson v. Merrill*, 87 Va. 513, 12 S.E. 1015 (1891). It is a shield to protect the helpless and unfortunate debtor from the importunate and incompassionate creditor. *Linkenhoker v. Detrick*, 81 Va. 44 (1885). On the other hand, the legislative intent expressed in § 43–32 is to protect a party such as a garageman who adds his services and materials to the property of another, thus enhancing its value and consequently, should be protected by a possessory lien.

It is important to distinguish between a consensual or contractual lien and a judicial lien with reference to the homestead exemption. § 43–32 is paramount to a fixed consensual lien of a chattel mortgage, security agreement, deed of trust, or other instrument securing money to the extent of the amount fixed therein and limited thereby. A lien upon the title to a motor vehicle would, of course, be superior to any claimed exemption of a homestead deed. On the other hand § 43–32 gives a garageman a superior lien over a title lien to the extent limited thereon. It follows that the lien of § 43–32 should be paramount to the homestead exemption. Further, a reasonable construction of § 43–32 in relation to the exemption provided in § 34–4 would be to grant a superior right to the lien creditor who has enhanced the value of the property claimed exempt. This enhanced value would not have enured to the benefit of the householder but for the labor and material contributed by a garageman and therefore in equity, does not diminish the value of the exemption otherwise claimed.

Accordingly, the Court concludes that the rights of the Defendant are paramount over Plaintiff's exemption to the extent of the sum of $311.28 which the Court finds reasonable under the evidence presented for the repairs made. However, in as much as the delay in payment and delivery of the vehicle has been a result of mutual misunderstandings, the claim for storage in the sum of approximately $150.00 not being a part of said lien, is accordingly disallowed.

Upon the payment of the sum of $311.28, the Defendant shall forthwith release the motor vehicle to the Plaintiff, and it is so ORDERED.

Service of a copy of this Memorandum Opinion and Order is being made by mail to the Debtor; James L. Tucker, Esq., Counsel for the Debtor; Garnett S. Moore, Esq., Counsel for the Defendant; and G. Steven Agee, Esq., Trustee.