**In re Mildred Dominicci COLON, Francisco Batista Monge, Debtors.**

**SISTEMA DE RETIRO DE LA UNIVERSIDAD DE PUERTO RICO, Plaintiff,**

v.

**Mildred Dominicci COLON, Francisco Batista Monge and Robert J. Griswold, Defendants.**

**Bankruptcy No. B–82–00389 (B). Adv. No. 82–0301.**

United States Bankruptcy Court, D. Puerto Rico.

Aug. 11, 1982.

José M. Rocafort Bustelo, Santurce, P.R., for debtors and co-defendants Mildred Dominicci Colón and Francisco Batista Monge.

Luis Rodríguez Bigas, San Juan, P.R., for plaintiff.

Robert J. Griswold, San Juan, P.R., trustee.

OPINION

WILLIAM H. BECKERLEG, Bankruptcy Judge.

These are adversary proceedings for relief from the automatic stay. Plaintiff is the pension system of the University of Puerto Rico, a public corporation created by Act No. 135 of May 7, 1942[1]. Pursuant to its organic act, the University is required to establish a pension system and is required to include a loan plan[2] as a part of the system.

Defendants are a married couple; co-defendant Francisco Batista Monge, the husband, is an employee of the University and plaintiff holds his promissory note on which there is a balance due of $3,597.50. Defendant Griswold is the Chapter 13 trustee.

Membership in the University pension system is mandatory for its employees and each pay period a specific percentage or amount is deducted from each employee's pay and deposited in the system. This amount cannot be withdrawn by the employee unless he leaves his employment, or is retired. However, an employee with a minimum of 3 years of service may borrow from the pension system an amount equal to that which he has deposited as long as his monthly loan repayment plus any monthly mortgage loan repayment to the pension system do not exceed 50% of the employee's gross pay. Co-defendant Francisco Batista Monge has accumulated in the pension system $4,503.44.

Plaintiff claims it is a secured creditor by virtue of the pension systems' regulations and that its collateral is the $4,503.44;

---

1. 18 L.P.R.A. 631–681; Act No. 135 was subsequently superceded by Law No. 1 of Jan. 20, 1966 (18 LPRA 601–844) to similar effect.

2. 18 L.P.R.A. 602(a)(16).

plaintiff seeks relief from the automatic stay so that it may set-off from the accumulated $4,503.44 the $3,597.50 that co-defendant Francisco Batista Monge owes to the system.

The problem of debts of the present type occur frequently in Chapters 7 and 13 cases, particularly when the debtor is an employee of the government or a governmental agency for such employees frequently have access to the more liberal credit offered by credit unions, retirement funds, and cooperatives. The problem, in the bankruptcy context is usually presented as a question of the dischargeability of the obligation and this, in turn, is dependent upon whether the "loan" is considered a "debt" of the debtor within the meaning of Sec. 101(11). Under the "no debt" argument, when the fund disburses moneys to a member, it is merely advancing to him his own money—an advance against the member's future retirement benefits. Thus, under this theory, there is no debtor-creditor relationship created between the debtor and the fund, and thus no debt under # 101(11); if there is no debt, the issue of dischargeability under # 727 cannot arise [3]. The other argument is exemplified in this circuit by *In Re Miranda Soto* [4], where the court concluded that the debtor was not just receiving his own money, but rather "he has borrowed not only from himself, but from all other members of the Association."

The *Miranda Soto* case concluded that a lender-borrower relationship was created, and thus a debt, primarily because there

was *no* requirement of the lender [5] that a loan to a member be limited to a percentage of the members' contribution to the fund. In the *Villarie* case, and present case, the loan, or advance, cannot exceed the member's contribution [6]. Here, as in the *Villarie* case, we are dealing also with a retirement fund and not with a compulsory savings and loan association as in the *Miranda Soto* case [7]. The distinction is fundamental, for advances against a pension fund are much like advances on life insurance policies, as to which the Notes of the Committee on the Judiciary [8] had the following to say:

> ". . . the loan is not a claim (it is not a right to repayment) that the (insurance) company can assert against the estate; nor is the debtor's obligation a debt (a liability on a claim) that will be discharged under proposal 11 U.S.[C.] 523 or 524."

And as the Second Circuit said in the *Villarie* case, in speaking of an advance to a member of the New York Retirement System, a system with a fund similar to plaintiff's:

> "In the language of 11 U.S.C. # 502(b), this 'claim is unenforceable against the debtor . . .' Therefore, it cannot give rise to a debt that can be discharged in bankruptcy."

Finding, as we do, that the *Villarie* case controls in the present case, what is the result with respect to the plaintiff's complaint for relief from the automatic stay? Plaintiff seeks a modification of the automatic stay so that its claim may be set-off

3. See *In Re Villarie*, 648 F.2d 810 (2nd Cir., 1981).

4. Decision of 12/30/81, 667 F.2d 235 (1st Cir. 1981).

5. In the *Miranda Soto* case, the lender was the Asociación de Empleados del Estado Libre Asociado de Puerto Rico.

6. Regulation IV, approved May 29, 1976. Pl. Ex. 3.

7. In *Miranda Soto,* the employee had borrowed from the Puerto Rico Government Employees Association fund known as the Savings & Loan

Fund to which governmental employees were required to contribute 2 or 3% of their monthly salary; the Savings & Loan Fund (3 LPRA 831–861) is a fund separate and distinct from the retirement system fund for governmental personnel (3 LPRA 761–828) and the U.P.R. pension fund. The Savings & Loan Fund was created expressly to simulate savings and make loans among its members and to provide insurance.

8. Sen. Rep. 95–989, U.S. Code Cong. & Admin. News 1978, p. 5787.

against the co-defendant's contributions to the U.P.R. pension fund.

"Set-off" is not the correct term, for "set-off" applies to mutual debts, at least in the context of the automatic stay[9]. From the *Villarie* case, we learn that we are not dealing with a dischargeable debt, nor with a "debt" or "claim". The automatic stay, of course, also applies to most non-dischargeable debts[10] including

"... the commencement or continuation ... of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title..."—Sec. 362(a)(1).

What plaintiff contemplates is an "administrative action or other proceeding" against a debtor that under the Regulations of the pension fund they are authorized to carry out when the debt is in default[11].

Should we permit plaintiff to carry out these acts which the Regulations permit?

The nature and importance of a pension to the future of an employee were among the reasons that motivated the legislature to set up pension funds, and even if they had not considered this as a meritorious public policy, we, as a court of economic rehabilitation should. If a debtor does not reimburse the fund for an advance of this kind, we understand that his future retirement benefits are reduced by a reduction in the base upon which his benefits are determined, the amount he would receive in cash upon separation from the service would be reduced, and his insurance under the fund would be affected. Under the *Villarie* case doctrine, we understand that we cannot prevent these consequences from eventually

occurring, but under Sec. 362(d) we can condition relief from the stay with appropriate terms to protect the debtor.

In the present case, and in cases of similar nature, an appropriate condition would be to extend the term within which debtor may reaffirm[12] his commitment with plaintiff to reimburse the pension fund for the amounts advanced to him. A reasonable period for such reaffirmation would be within the 30 days following the date of this order.

We do not consider defendants' other arguments in view of the different relationship in which we see the transaction between the parties[13].

Judgment should be granted in favor of the plaintiff granting relief from the automatic stay of Sec. 362 so that plaintiff may avail itself of those remedies appropriate under the Regulations covering the pension fund, but such relief shall be subject to defendants' right to reaffirm during the next 30 days as per the prior paragraph. As to defendant Griswold, the complaint is dismissed.

The Clerk of this court shall enter judgment accordingly.

---

9. Sec. 362(a)(7); 11 U.S.C. § 362(a)(7).

10. Some non-dischargeable debts are excepted under Sec. 362(b); 11 U.S.C. 362(b).

11. See Art. VI(1) and VI(9) of the Regulations for the Granting of Personal Loans.

12. Yes, we know "reaffirm" is not the correct term if this is not a debt, but the concept is the same as that of Sec. 524(d).

13. *Avant v. U. S.,* 165 F.Supp. 802 (E.D.Va., 1958) is not applicable as it dealt with "debts" and merely supports the theory that if debts are not mutual they may not be off-set. Specifically, it held that federal retirement benefits cannot be off-set against amounts owed to the Federal Housing Administration.