In re Lee Edward HALEY and Shelby
Thacker Haley, Debtors.

COMMONWEALTH OF VIRGINIA,
Plaintiff,

v.

Lee Edward HALEY and Shelby
Thacker Haley, Defendants.

Bankruptcy No. 5–82–00559.
Adv. No. 5–83–0074.

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

April 9, 1984.

Kenneth W. Thorson, Sr. Asst. Atty. Gen., Richmond, Va., for plaintiff.

Robert P. Dwoskin, Charlottesville, Va., for defendants.

MEMORANDUM OPINION

THOMAS J. WILSON, Bankruptcy Judge.

Plaintiff, the Commonwealth of Virginia, is seeking to set off an unsecured claim against Debtor/Defendant, Shelby Thacker Haley's claim against the Commonwealth for a refund of her employee contributions to the State retirement system.

The issue is whether Virginia Supplemental Retirement System contributions, claimed as exempt under Code of Virginia § 34–4 (Supp.1983), may be used by the Commonwealth to set off an indebtedness due the State as of the date of filing bankruptcy, where the indebtedness results

from embezzlement of funds and was not regularly listed in the Debtors' schedules.

The Debtors, Lee Edward Haley and Shelby Thacker Haley, also argue that Code of Virginia § 51–111.15 (1982 Repl. Vol.) prevents the Commonwealth and this Court from subjecting these employee contributions to any legal process.

Shelby Thacker Haley is a former employee of the General District Court for Augusta County. On October 20, 1982, she was convicted of embezzlement under § 18.2–112 of the Code of Virginia (1982 Repl.Vol.) and her employment with the Commonwealth was officially terminated. The claim of the Commonwealth is for recovery of an unliquidated sum estimated to be in excess of $20,034.00, which the Court ruled has been sufficiently proven in open Court.

By homestead deed dated November 8, 1982, she claimed as exempt $5,000.00 of her anticipated refund from the Virginia retirement system. Four days later, she filed a petition for relief under Chapter 7. Approximately two months later, on January 13, 1983, Haley requested her refund. This money was turned over to the Court pending resolution of this adversary proceeding. At no time were her bankruptcy schedules amended to include the Commonwealth as a creditor for the amount of funds embezzled.

■ It is noted at the outset of this opinion that the claim of the Commonwealth for funds embezzled is non-dischargeable in bankruptcy. 11 U.S.C. § 523(a)(4). Consequently, the order of discharge entered in this case has had no effect on the validity of the claim. This fact distinguishes *Avant v. United States of America*, 165 F.Supp. 802 (E.D.Va.1958), from the case at bar. In *Avant*, set-off was denied the Federal Housing Administration since the debt due the FHA was listed in the schedules and was otherwise dischargeable.

*Avant* does, however, provide authority for the proposition that refunded retirement contributions are not totally immune from set-off by the government. 165 F.Supp. at 804. The Debtor in *Avant* had been contributing to the Civil Service Retirement Fund established for the benefit of federal employees. Haley had been contributing to a similar fund established for the benefit of state employees. The statutes authorizing these respective pension funds both contain the restriction that such funds are exempt from execution, attachment, garnishment or any other legal process. *See* 5 U.S.C.A. § 8346 (1980) (formerly 5 U.S.C.A. § 2265) and Code of Virginia § 51–111.15 (1982 Repl.Vol.).

■ It is also noted that Haley was not employed at the time she filed her petition. Therefore, she had "ceased to be an employee otherwise than by death or by retirement" under § 51–111.58. Pursuant to that section, Haley had the right to withdraw her contributions at the time she filed her petition whereas Avant did not. *See also In re Santos*, [1973–1975 Transfer Binder] Bankr.L.Rep. (CCH) ¶ 65,322 (M.D. Fla.1974), (trustee could not subject pension refund to administration where the date of filing bankruptcy preceded the termination of employment).

Since Haley became entitled to demand the refund of retirement funds on October 20, 1982, prior to her bankruptcy, a debtor-creditor relationship came into existence on that date. Thus, at the time of bankruptcy, the parties possessed the mutual debts and credits required before a set-off may be asserted. *Cf. Avant*, 165 F.Supp. at 805 (where the parties lacked mutuality.)

This case is somewhat complicated by the fact that the Haleys claimed $5,000.00 of their expected refund as exempt property under Code of Virginia § 34–4 by homestead deed dated November 8, 1982. At that time, they did not claim it as exempt under Code of Virginia § 51–111.15. Under either provision the property is not exempt from set-off by the Commonwealth.

As the *Avant* and *Santos* cases indicate, once the employee is entitled to remove the funds from the system, by reason of his ceasing to be an employee, the refund may no longer be immune from process. Under

the Virginia statute, once a member "ceases to be an employee, otherwise than by death or retirement" he is entitled to a refund of his contributions. Code of Virginia § 51–111.58. However, the Court finds that the funds are no longer immune from creditors when they are withdrawn in such a manner.

The only question remaining is whether § 34–4 protects the refund from creditor process or, in this case, from set-off.

■ Generally, claimed exemptions under § 34–4 are allowed if the homestead deed is properly filed and if no creditor objects to the claimed exemptions. In this case, the deed was properly filed. However, the Court treats this proceeding as an objection to the claimed exemption. Since the Commonwealth was not listed as a creditor, and received no notice of these proceedings to which every creditor is entitled, the Court finds that equity demands the objection to the exemption be deemed timely. Finding the objection not time-barred, the Court will rule on the merits of the objection.

■ Generally, a creditor may not exercise the right of set-off against property exempted from the estate. *See, e.g., Commerce Union Bank v. Haffner,* 12 B.R. 371 (Bkrtcy.M.D.Tenn.1981); *Atlantic Life Insurance Co. v. Ring,* 167 Va. 121, 187 S.E. 449 (1936).

Debtors claimed the refund check exempt under Code of Virginia § 34–4. That section provides:

> Every householder or head of a family residing in this State shall be entitled ... to hold exempt from levy, seizure, garnishment or sale under any execution, order or process issued on *any demand for a debt or liability on contract,* his real and personal property, or either, to be selected by him, including money and debts due him, to the value of not exceeding five thousand dollars....

While it is true that Virginia courts are required to liberally construe the homestead exemption statutes in favor of debtors in order to protect them and their families, this Court is also obligated to construe the statute consistently with prior decisions and the purposes of the statute.

It has been held that the homestead exemption cannot be claimed against certain obligations. *Epperley v. Woodyard,* 4 B.R. 124 (Bkrtcy.W.D.Va.1980); *Jewett v. Ware,* 107 Va. 802, 60 S.E. 131 (1908); *Whiteacre v. Rector,* 70 Va. (29 Gratt.) 714 (1878). The statute has been read to disallow a claim of exemption against a matter arising *ex delicto* as opposed to *ex contractu. Jewett v. Ware,* 107 Va. 802, 60 S.E. 131. Moreover, the Supreme Court has specifically held that the homestead exemption is inferior to a penalty for a crime against the Commonwealth. *Whiteacre v. Rector,* 70 Va. (29 Gratt.) 714.

■ The claim asserted by the Commonwealth against Haley arises from a matter *ex delicto.* It is akin to a fine or penalty imposed for the violation of the criminal law against embezzlement. The Haleys' claim of exemption against such a debt, a debt resulting from an intentional tort or crime, is disallowed. The homestead exemption laws were not intended to shield the tortious debtor from the consequences of her wrongdoing. *See Burton v. Mill,* 78 Va. 468 (1884).

Accordingly, the exemption is disallowed as against the debt to the Commonwealth. The Court finding, therefore, that set-off is appropriate, will allow the Commonwealth to set off the full amount of the refund check against the Commonwealth's claim.